PAINT AND LEAD WORKS v. B. F. SPRUILL.

(Filed 19 September, 1923.)

1. **Seller and Purchaser—Vendor and Purchaser—Warranty—Right of Inspection—Carriers—Railroads.**

Where one purchases goods upon the representation and warranty as to quality by the seller's agent, to be shipped from a distant point, without express agreement as to the time the purchaser may take for inspection, the law gives him a reasonable time after the goods have reached their destination for that purpose, and he may reject them without liability if they should not be as warranted.

2. **Same—Title—Delivery to Carrier.**

Where the law gives the purchaser a reasonable time to inspect goods received by common carriage after they reach destination, delivery to the carrier is not constructive delivery to the consignee in the sense to deprive him of his right of inspection under the seller's warranty of quality.

3. **Same—Instructions—Directing Verdict—Appeal and Error.**

The seller's agent warranted to the purchaser that the paint he was selling was fireproof and would be shipped in metal drums, and not in wooden barrels, which were improper for the purpose, the purchaser refused the shipment and payment therefor, and the action is to recover the purchase price: *Held*, a warranty of quality; and it was error for the trial judge to reject evidence 'offered to show that paint exactly similar and sold by the same agent to others failed to come up to the guarantee that the article was fireproof; and that a direction of a verdict for the plaintiff was reversible error.

4. **Same—Fraud—Deceit—Evidence—Questions for Jury.**

And upon the evidence in this case tending to show that the agent's representations as to quality were knowingly false and fraudulent, and induced the defendant to purchase, the case in that respect also should have been submitted to the jury.

APPEAL by defendant from *Kerr, J.,* at January Term, 1923, of WASHINGTON.

Plaintiff complained and offered evidence tending to show that, pursuant to contract of sale, the Standard Paint and Lead Works, of and from Cleveland, Ohio, shipped to defendant at Roper, N. C., four barrels of liquid roofing cement, containing 240 gallons, at $1.15 per gallon—$276. That the cement was not shipped in steel drums, the usual method, but being unable at the time to procure the steel drums, the order was shipped in wooden barrels, the difference in price or value between them being about $10 per barrel or $40. That said shipment reached Roper, N. C., in due course of shipment, and defendant declined to receive or pay for same on ground that the paint was not in compliance with the contract.

There was allegation with evidence of defendant permitting the inference that the paint was sold under a contract of warranty that same was to be shipped in metal barrels and that same was fireproof. That before the cement was accepted or received, defendant, seeing that the paint was not contained in the metal barrels, which the vendor's agent had assured defendant was necessary to a proper shipment for that kind of cement, and having reason to believe the article shipped was not "fireproof" as stipulated, declined to accept same and has never received or used the shipment or any part of it. In this connection defendant offered to prove by a witness that the latter had bought some of this kind of paint from the same agent of defendant, represented as fireproof, and that he had tested same and it was neither fireproof nor would it stop leaks as represented. The proposed evidence was excluded by the court, and defendant excepted.

There was also allegation with evidence on part of defendant permitting the inference that the contract of sale was procured by false and fraudulent representations on part of plaintiff's agent at the time contract was entered into, and as an inducement thereto. And an issue directly presenting this question was tendered and refused, and defendant excepted.

The cause was submitted and verdict rendered under the following issues:

"1. Did plaintiff contract to ship the paint in steel drums as contended by defendant? Answer: 'Yes.'

"2. If so, what was the difference in value of the steel drums and the wood barrels in which it was shipped? Answer: '$40.'

"3. What amount is defendant indebted to plaintiff for the paint sold and delivered to the transportation company? Answer: '$276 int.' "

The court charged the jury as follows:

"Gentlemen of the jury, there are three issues submitted to you in this case:

"1. Did the plaintiff contract to ship the paint in steel drums as contended by defendant? The court instructs you that if you believe the evidence you will answer the first issue 'Yes.' "

(To the foregoing instruction of the court the defendant in apt time excepted.)

"2. If so, what was the difference in the value of the steel drums and wooden barrels in which it was shipped? The court instructs you that if you believe the evidence you will answer that $40."

(To the foregoing instruction of the court the defendant in apt time excepted.)

"3. What amount is defendant indebted to the plaintiff for the paint sold and delivered to the transportation company? You will answer that $276 and interest from 23 November, 1918, less $40."

(To the foregoing instruction of the court the defendant in apt time excepted.)

Judgment on the verdict and defendant excepted and appealed, assigning errors.

*Zeb Vance Norman for plaintiff.*
*W. L. Whitley for defendant.*

HOKE, J. In 23 R. C. L., 1433, it is said: "That where goods are ordered of a specific quality, which the seller undertakes to deliver to a carrier to be forwarded to the buyer at a distant place, the right of inspection, in the absence of any specific provision in the contract, continues until the goods are received and accepted at their ultimate destination. In such case the carrier is not the agent of the buyer to accept the goods as corresponding with the contract, although he may be his agent to receive and transport them." This is the rule very generally prevailing on the subject, and obtains in this jurisdiction whether there has been an express warranty of quality or otherwise. *Richardson v. Woodruff,* 178 N. C., 46; *Huyett & Smith Mfg. Co. v. Gray,* 124 N. C., 322; *Pope and Another v. Allis,* 115 U. S., 363; *Pierson v. Crooks et al.,* 115 N. Y., 539; *Alden v. Hart,* 161 Mass., 576; *Eaton v. Blackburn et al.,* 52 Oregon, 300; reported also in 16th Anno. Cas., 1198.

In the headnotes of this last case, appearing in 16th Anno. Cases, and quoted with approval in the *Richardson and Woodruff case, supra,* the principle referred to is very well stated as follows:

"Under an executory contract for the sale and delivery of goods of a specified quality, the quality is a part of the description, and the seller is bound to furnish goods actually complying with such description. If he tenders articles of inferior quality the vendee is not bound to accept them, and unless he does so, he is not liable therefor. This necessarily gives to the vendee the right of inspection, and he must be given an opportunity to make such inspection before becoming liable for the purchase price, unless the contract otherwise provides.

"A vendee of merchandise shipped from a distant point, under a contract specifying the quality of the merchandise and providing for its delivery f. o. b. at the point of shipment, but which contains no provisions as to the time or place of payment, inspection or acceptance, is entitled to a reasonable time after the merchandise arrives at its

destination in which to inspect it at that point, and to reject it if it does not comply with the contract.

"Assuming, without deciding, that where merchandise is sold under a contract providing for its delivery to a carrier f. o. b. at the point of shipment, title vests in the vendee, for some purposes, at the time when the merchandise is delivered to the carrier, such title is, nevertheless, conditional as between the vendor and vendee, the condition being that the merchandise shall be found to be of the quality called for by the contract; and such conditional vesting of title in the vendee does not prevent the latter from exercising his right of inspection when the merchandise arrives at its destination."

And where there is an express warranty of quality the rule governing the right of the parties is stated in *Huyett's case, supra,* as follows: "It seems that the law governing purchases with warranty and the rights of the parties may be correctly stated as follows: That if the property purchased is present and may be inspected, the warranty is collateral to the contract and the title to the property immediately passes to the purchaser. And if the warranty is false, the purchaser's redress is an action for damages upon the warranty. But if the property is not present, where it might be inspected, the warranty may be treated as a condition precedent, as well as a warranty. And if the property purchased is not what it was warranted to be, the purchaser upon delivery of the property, may treat the warranty as a condition precedent and refuse to receive or accept the property, and notify the party from whom he purchased; and if he has not paid for the property, he need not do so; and if he has paid the purchase money or any part of it he may recover the money so paid from the seller."

In the testimony of defendant received on the trial he stated, among other things: "I had a new house, which had been put up about a year and a half, and he (plaintiff's agent) insisted upon my buying some paint for it, and said, 'You have no fire protection and I will guarantee if you put this paint on there you can't set it on fire,' and I bought it to be a fireproof paint. We were standing at the time by a Standard Oil Co. barrel (a metal drum) and he said, 'It won't do to ship this paint in wooden barrels. It won't be shipped in wooden barrels. It will be a barrel like this galvanized drum.' "

On this testimony and the corresponding averments of the complaint, it was error for the court to direct a verdict for plaintiff on the evidence, and it was also error to exclude the evidence offered to the effect that paint exactly similar and sold by the same agent failed to come up to the guarantee that the article was fireproof, such evidence being directly pertinent to a principal question presented in the pleadings.

Again, there was allegation and evidence on the part of defendant permitting the inference that the assurances of the agent were both false and fraudulent, and defendant was entitled to have the case submitted in that aspect.

There is error, and this will be certified that the cause may be again tried on appropriate issues.

New trial.