UNION PAINT & VARNISH CO. *vs.* GEORGE H. DEAN.

MAY 25, 1927.

PRESENT: Sweetland, C. J., Stearns, Rathbun, Sweeney, and Barrows, JJ.

*(1)  Warranty.  Construction.*

The words of an express warranty should be construed the more strongly against the maker.

*(2)  Express Warranty.*

Statement that a certain brand of paint, "will wear for ten years and if after being properly applied to the entire surface of the roof it should fail to do so (seller) will furnish a sufficient quantity of new material to keep the surface in a waterproof condition until the ten years have expired, without making any charge therefor" means that the coating if properly applied will keep a roof in a waterproof condition for ten years.

*(3)  Express Warranty.  Construction.*

Language in a warranty that if paint fails to wear for ten years seller will without charge furnish sufficient material to keep the surface in waterproof condition until the ten years have expired, does not negative the warranty that the paint will wear for ten years if properly applied, and seller cannot discharge his full duty under the warranty, by supplying the

necessary paint; and furthermore if the paint ruined the shingles, it failed to keep the surface in a waterproof condition and the warranty was broken.

*(4)    Warranties.    Evidence.*

In an action to recover the price of paint sold under an express warranty that it would wear for ten years it was error to exclude testimony that paint of the same brand sold to defendant by plaintiff under the same warranty within six months, was not only not effective as a leak preventative but ruined the shingles; although defendant had not opened the order in question.

*(5)    Sales Act.    Warranties.*

A buyer who after receiving goods and accepting title thereto discovers that they do not conform to the warranty, may rescind the contract and offer to return the goods, provided he makes the discovery and acts within a reasonable time.    Whether the buyer was sufficiently diligent is a question for the jury.

ASSUMPSIT.    Heard on exceptions of defendant and sustained.

RATHBUN, J.    This is an action in assumpsit to recover the purchase price of roof paint.    The trial justice directed a verdict for the plaintiffs for $59.40, the contract price, and the case is before us on the defendant's exceptions to the exclusion of testimony and on his exception to the direction of a verdict.

The plaintiffs' agent on December 31, 1924, sold the defendant, on sixty days credit, a drum of paint.    The trade name of the paint was "Firestone Asbestos Coating." At the time the paint was sold and delivered the plaintiff's salesman knew that the defendant was not ready to use the paint, and could not use it until the arrival of warm weather, and, for that reason, credit for sixty days was given.    The paint was sold with the following express warranty: "This order is given by the purchaser and accepted by the Union Paint & Varnish Co. with the understanding that Firestone Asbestos Coating will wear for ten years and if after being properly applied to the entire surface of the roof it should fail to do so, the Union Paint & Varnish Co. will furnish a sufficient quantity of new material to keep the surface in a waterproof condition until the ten years have expired, without making any charge therefor."

The defendant attempted to establish a breach of the above warranty by showing that paint of the same brand was not only not effective as a leak preventive but actually ruined shingles when applied to them.

On July 16, 1924, the defendant purchased from the plaintiffs through the same salesman a drum of the same brand of paint. The defendant sometime thereafter applied this paint to a portion of the roof of his house. The second drum was ordered for use on other portions of the roof of the same house. The defendant never opened the drum of paint in question and objected to paying for the same, because, as he contends, the portion of the roof to which the first order of paint was applied commenced to leak within less than one month after the second order was delivered. Defendant testified that he received a bill for the paint in question thirty days after it was delivered; that he thereupon called the plaintiffs on the telephone and told them that the first order of paint was not satisfactory and that he would return the paint in question; that the plaintiffs stated that they would not receive the paint and that he must pay for it.

The defendant offered to prove that the paint which was received and used was of such inferior quality that it not only failed to prevent leaks but ruined the shingles to which the paint was applied. The offer was refused and the defendant excepted.

In making this ruling and the other rulings to which exceptions were taken and in directing a verdict for the plaintiffs, the trial justice ruled that the quality of the paint which was used was *res inter alios acta* and hence that evidence as to the quality of said paint was not admissible as tending to show the quality of the paint in question. The justice was evidently of the opinion that the only way to obtain evidence as to the quality of said paint was to open the drum and use some of the paint or test it by some other method. We think he was mistaken and that the rulings complained of were erroneous.

The warranty being expressed in the language of the (1) plaintiffs, the words used should be construed the more strongly against them. The language: "Firestone Asbestos Coating will wear for ten years" considered in connection with the remainder of the sentence means that the coating, if properly applied, will keep a roof in a waterproof condition (2) for ten years. The main purpose of roof paint is to protect not only the roof but the inside of the building from the weather, and particularly from water. A paint which does not fulfill for ten years the main purpose for which the paint (3) is intended does not *wear* for ten years. The language to the effect that if the paint fails to wear for ten years the plaintiffs will without charge furnish sufficient material to keep the surface in waterproof condition until the ten years have expired does not negative the warranty already expressed. Said language is a promise to be performed by the plaintiffs in the event that the warranty proves to be false. However, if the defendant must, because of the inferior quality of the paint, bear the expense of repainting his roof every six months for ten years we think the plaintiffs can not, by supplying the necessary paint, discharge their full duty under the warranty. Furthermore, if the paint ruined the shingles, as the defendant offered to prove, the paint for this reason also failed to keep the surface in a waterproof condition, and the warranty as to the first order of paint was broken.

If paint of the same brand, sold by the same concern (4) under the same warranty within six months, had proved within that time to be not in conformity with the warranty, in that it was not only not suitable for stopping and preventing leaks but was actually injurious to a roof, a person might well hesitate before using more paint of the same brand when he had no reason to expect the second lot to be any better than the first.

In *Standard Paint and Lead Works* v. *Spruill*, 186 N. C. 68, 118 S. E. 891, the defendant entered into an agreement to purchase a quantity of roof paint from the plaintiff. The

terms of the agreement contained a warranty that the paint was fire proof. The defendant refused to accept or pay for the paint on the ground that the paint did not conform to the warranty. In the action to recover the purchase price it was held to be error to exclude evidence that paint of the same brand, purchased by another person from the plaintiff, was not fireproof and did not stop leaks. In L. R. A. 1915, B., at 626, are collected a number of authorities to the same effect and no authority *contra* has been called to our attention.

The Sales Act permits a purchaser, who, after receiving (5) goods and accepting title thereto, discovers that the goods do not conform to the warranty, to rescind the contract and offer to return the goods provided he makes the discovery and acts within a reasonable time. § 4495, (1) (d) Gen. Laws 1923. Whether the defendant was sufficiently diligent is a question of fact for a jury.

Each of the defendant's exceptions is sustained and the case is remitted to the Superior Court for a new trial.

*Alfred S. & Arthur P. Johnson,* for plaintiff.

*Wilson, Churchill & Curtis, Wilford S. Budlong,* for defendant.