WILLIAM BARCO & SON ET AL. v. W. F. FORBES.

(Filed 14 September, 1927.)

**Bills and Notes—Fertilizer—Contracts—Renewal—Failure of Consideration—Waiver—Defenses.**

Where the purchaser of fertilizer has given his note for the purchase price, and after the crops upon which it has been used have been gathered and the result of the use of the fertilizer seen, he may not give a renewal note for the amount due and thereafter resist recovery thereon, upon the ground that the fertilizer was worthless, and did not come up to contract, and therein there was a failure of consideration.

CIVIL ACTION, before *Daniels, J.,* at March Term, 1927, of CURRITUCK.

The plaintiffs brought a suit against the defendant upon a note in the sum of $227.25. The note was given for the purchase price of fertilizer purchased by the defendant from the plaintiffs. The note was dated 10 January, 1923, and it was admitted that this note was given in renewal of a former note dated 1 July, 1922. The defendant contended that the fertilizer was bought for use in producing a sweet potato crop in the year 1922, and that the fertilizer delivered was worthless and had no effect whatever upon the crop. The evidence disclosed that digging time for this crop is in July and early August, and that the defendant attempted to dig the potatoes, and dug some of them, and shipped them and sold them, but the balance of the potatoes were left in the field.

The following issue was submitted to the jury: Did the plaintiffs fail to deliver to the defendant fertilizer contracted to be sold? The jury answered the issue, "Yes."

The trial judge refused to sign a judgment in favor of the defendant upon the verdict, and the plaintiffs, having moved for judgment upon the admissions made of record, and the court being of the opinion upon said admissions, that the plaintiffs were entitled to judgment for the amount of the note, entered judgment that the plaintiffs recover from the defendant the amount of the note, with interest and cost.

From this judgment, so entered, the defendant appealed.

*Ehringhaus & Hall for plaintiffs.*
*Aydlett & Simpson for defendant.*

BROGDEN, J. The question is this: If a note is given for the purchase price of fertilizer, and there is a total or partial failure of the consideration, and the maker of the original note executes a renewal note, after knowledge of the failure of the consideration, can such maker resist the payment of the renewal note?

When the fertilizer was purchased in 1922, the defendant gave a note for the purchase price. The evidence discloses that the time for harvesting the crop was in July or August, 1922, and that the potatoes were dug at that time. It is obvious, therefore, that in August, 1922, the defendant had full knowledge of the fact that the fertilizer was worthless and that there was a total failure of the consideration for the note executed by him and delivered to the plaintiffs. However, notwithstanding, on 23 January, 1923, he executed and delivered to the plaintiffs the renewal note, upon which the suit was brought.

In *Bank v. Howard,* 188 N. C., p. 550, *Connor, J.,* declared the law as follows: "One who gives a note in renewal of another note, with knowledge at the time of a partial failure of the consideration for the original note, or of false representations by the payee, waives such defense and cannot set it up to defeat or to reduce the recovery on the renewal note."

The defendant relies upon the case of *Grace v. Strickland,* 188 N. C., 369. In that case it appears that "the defendant did not discover the fraud until after he had executed the renewal note, and did not treat with the plaintiff after such discovery."

These principles of law support and justify the judgment entered in the cause.

Affirmed.