Two civil actions were instituted by the plaintiffs against the defendant in a court of a justice of the peace, the first being upon a note in the sum of $59.37, and the other being upon two notes in similar amounts aggregating $118.74, which were appealed to the Superior Court. The two cases came on for trial at term time and by consent were consolidated for the purposes of trial.
Upon the trial of the consolidated cases the plaintiffs pleaded orally and declared upon the three notes in the sum of $59.37 each, with interest from the date thereof, 14 July, 1931. The defendants likewise pleaded orally and admitted execution of the notes, but denied liability and set up the defense of a breach of warranty in the sale of a tractor, alleging that the damage from such breach was equal to or exceeded the amount of the notes.
From the defendant's evidence it appears that he and one Dalrymple in 1929 purchased a tractor from the plaintiffs, for which they contracted to pay $550.00, and at that time the plaintiffs guaranteed that the tractor was in good condition and would give entire satisfaction, whereas the tractor turned out to be in bad condition, and it failed utterly to give satisfaction. It further appears from the defendant's evidence that in 1930 Dalrymple, owing to the worthlessness of the tractor and his desire to be rid of further worry from it, gave his interest *Page 148 
therein to the defendant, and that the defendant subsequently suffered judgment in favor of the plaintiffs for the sum of $59.37, and also executed to them a mortgage on his land for $437.50; and that this judgment and mortgage represented the balance due on the original purchase price of $550.00; and that subsequent to the recording of the aforesaid judgment and mortgage the defendant paid to the plaintiffs the sum of $250.00 and executed the notes sued on in order to obtain the removal of the liens thereof from the lands of the defendant, so as to enable him to procure a Federal loan thereon.
The defendant in his own testimony states that the three notes sued on were for the balance claimed on the tractor, and that at the time he signed them he knew that the tractor was worthless, and says: "I knew as much about it then as I do now," and further states that the plaintiffs did not cancel their judgment and mortgage on his land until he paid the $250.00 and gave the notes sued on, and that he paid the amount and gave the notes "to renew the balance due on the tractor." The defendant further testifies: "When I signed these notes I knew about the condition of the tractor. When I made the payments to the plaintiff from time to time I knew about the tractor as claimed by me."
From a verdict and judgment adverse to him, the defendant appealed to the Supreme Court.
This case is governed by Sales Company v. Meyer, 206 N.C. 198, where the following from 8 C. J., 444, was quoted with approval: "One who gives a note in renewal of another note, with knowledge at the time of a partial failure of consideration for the original note, or of false representations by the payee, waives such defense, and cannot set it up to defeat or reduce the recovery on the renewal note." See, also, Barco v. Forbes, 194 N.C. 204,139 S.E. 227, and Bank v. Howard, 188 N.C. 543, 125 S.E. 126.
Construing the evidence most favorably to the defendant and applying thereto the principle of law above enunciated, we think his Honor was warranted in charging the jury, in effect, that if they found the facts to be as shown by all the evidence they should answer the issues in favor of the plaintiffs.
Since the defendant's own testimony was a waiver of such defense, we think his Honor was correct in excluding evidence tending to show damage by reason of breach of warranty. This case is distinguishable from the case ofManufacturing Co. v. Gray, 124 N.C. 322, relied upon by the appellant.
No error. *Page 149