The plaintiff brought suit in a court of a justice of the peace on a note under seal, dated 1 January, 1924, for $150.00, payable to plaintiff. The defendant filed an answer alleging that he bought an automobile from the plaintiff for $300.00, paying $150.00 in cash and executing a note for $150.00. He further alleged that the plaintiff at the time of the purchase of the car warranted the same to be in "good condition and perfect running order," and that he relied upon such representation so made. He further alleged that he put the car in a shop for repairs, and that mechanics worked upon it for more than eight months and were never able to make it run at all. He further alleged that he was never in the car, never took it from the garage or used it in any way for the reason that it would not run, and was entirely worthless, and that he had spent more than $80.00 in an effort to put the car in running condition.
Having admitted the execution of the note, plaintiff assumed the burden and testified at the trial with respect to the representations so made, that the same were false, and that the note was wholly without consideration for the reason that the car would not run and could not be put into running condition, and that he had notified the defendant that he would not pay. The defendant said: "I know it was around eight months before I gave it up as hopeless. . . . They couldn't get it to run, . . . kept running up the bill until I paid him about $80.00, and I just told him to stop. Thereupon I saw Mr. Ward. I *Page 54 
told him the car was at the garage and that he could get it and do what he pleased with it, I did not intend to pay anything else on it. . . . I don't know what finally became of the car. I never drove it. . . . I have not paid a penny on this note and have not paid a penny on it since it was executed. I was induced to buy the car in the first place because I had confidence in Mr. Ward. I believed what he said and relied on what he said. . . . I can't say exactly when I bought the car. I think it was around 1924. It must have been in 1923. I could not say positively. . . . Immediately upon buying the car I sent Mr. Guirkin to get it and take it to his garage. If I did that in January, 1923, and in eight months found out that the car was no good, I couldn't say why I gave Mr. Ward another note in January, 1924. I suppose I thought I could eventually get it so it would be all right. I don't remember when I bought the car. In January, 1924, I probably signed another note for $150.00, the note they have here. . . . At the time I signed this note, dated 1 January, 1924, I had not found out that the car was worthless. If I had known at that time that the car was worthless I would not have signed the note." A mechanic, who worked on the car, testified for the defendant that the car stayed in the garage about twelve months, and that it was eventually sold for $35.00. He said: "I never got it so it worked good. . . . It was not worth anything as an automobile in the condition it was in."
The following issues were submitted to the jury:
1. "Was the execution of the $150.00 note procured by false and fraudulent representations, as alleged in the answer?"
2. "In what amount is defendant indebted to plaintiff?"
The trial judge directed the jury to answer the first issue "No," and the second issue "$140.00, with interest."
The defendant offered competent evidence tending to establish a warranty and the breach thereof. There was also evidence upon which a jury could have inferred that the plaintiff gave the note in controversy as a renewal of a former note after he had knowledge of the breach of warranty and the worthless condition of the car.
Manifestly, upon such facts, nothing else appearing, the peremptory instruction would have been correct. Barco v. Forbes, 194 N.C. 204,139 S.E. 227; Bulluck Auto Co. v. Meyer, 206 N.C. 198, 172 S.E. 877.
However, the plaintiff testified that he did not know exactly when he bought the car, but did state positively, "At the time I signed this note, *Page 55 
dated 1 January, 1924, I had not found out that the car was worthless. If I had known at that time that the car was worthless I would not have signed the note."
While the testimony is indefinite and wobbles considerably, nevertheless, it warranted submittal to the jury.
Reversed.