WILLIAM O. WINSLOW v. T. W. WHITE.

(Filed 10 September, 1913.)

1. Contracts to Convey—Marriage—Consideration.

> An obligation made to convey lands upon condition that the obligee marry the daughter of the obligor, which he accordingly does, is supported by a valuable consideration, to wit, marriage.

2. Same—Statute of Frauds.

> The plaintiff and defendant agreed by parol that if the former married the daughter of the latter, the defendant would pay him a certain sum of money, which was subsequently by mutual agreement changed to a certain strip of the defendant's land. The plaintiff married the defendant's daughter thereafter, and a written agreement, dated as of the date of the marriage, was given by the defendant to the plaintiff, that if the plaintiff "will marry my daughter Lily, I hereby agree to give him all that strip of land," definitely describing it: *Held*, the paper-writing was sufficient under the statute of frauds, and specific performance thereof should be decreed.

3. Same—Equity—Specific Performance—Conditions Subsequent— Deeds and Conveyances.

> The plaintiff sued for the specific performance of a written contract that if he would marry the defendant's daughter, "and would be good and kind to her," the defendant would give him a certain definitely described tract of land. The plaintiff complied with the conditions imposed, and it is held that so much of them as related to the treatment of the daughter were conditions subsequent and properly decreed to be written into the deed, and were not too indefinite or uncertain to permit the remedy sought.

APPEAL by defendant from *Whedbee, J.,* at December Special Term, 1913, of PERQUIMANS.

The suit, instituted in 1912, was to enforce the specific performance of an agreement to convey a tract of land, the instrument being in terms as follows:

STATE OF NORTH CAROLINA—PERQUIMANS COUNTY.

10 February, 1904.

This is to certify that if Oscar Winslow will marry my daughter Lily, and be good and kind to her, I hereby agree to give him all that strip of land lying between the lane running through the farm and the lead ditch running through the J. P. Winslow farm, known as the middle slipe, beginning at the main road and running parallel lines to the back line, estimated at valuation of 2,000 (two thousand). To have and to hold.

Witness my hand. T. W. WHITE [SEAL].

Plaintiff, a witness in his own behalf, testified as follows: "That he married the daughter of the defendant in 1904; that the agreement set out in the complaint was made before the marriage in 1904, but that the paper-writing was actually written and delivered in the spring of 1912; that the parol bargain was that the defendant would give the plaintiff $1,500 if he would marry his daughter, and later it was changed, plaintiff saying he would give defendant the middle slipe of land and build a house on it. The marriage took place about three or four weeks after the bargain was made, and after the marriage a house was built upon the piece of land. That since the marriage plaintiff and his wife have lived together as man and wife, and that he has always been kind to her." Upon this, the evidence chiefly relevant, the court charged the jury, if they believed the evidence, they would answer the first issue "Yes," and the second issue "Yes, by marrying the daughter of defendant and living with her and treating her good and kind."

Defendant excepted.

Verdict was rendered as follows:

1. Did the defendant, the .... day of April, 1912, execute and deliver to plaintiff the paper-writing dated 10 February,

1904, marked Exhibit A, in accordance with a parol contract made in 1904, as alleged? Answer: Yes.

2. Has the plaintiff complied with the terms of said contract? Answer: Yes, by marrying the daughter of defendant and living with her and treating her good and kind up to the present date.

3. What damages is plaintiff entitled to recover of defendant for rent of said land? Answer: Nothing, for that plaintiff admits that he is indebted to defendant in a sum equal to the rent of said land for the year 1912.

Judgment on verdict that defendant convey the land subject to condition that plaintiff will support the wife and always be good and kind to her, etc.

Defendant excepted and appealed.

*E. F. Aydlett for plaintiff.*
*Charles Whedbee and Ward & Thompson for defendant.*

HOKE, J., after stating the case: It is well recognized that marriage is to be regarded and dealt with as a valuable consideration. *Garvin v. Cromartie,* 33 N. C., 174; Page on Contracts, sec. 299; 1 Bishop on the Law of Married Women, sec. 775. In this last citation the author quotes from *Johnston v. Dilliard,* 1st Bay (S. Ca.), in which marriage was said to be "the highest consideration known in law," and in the case it was further said to be "a consideration good against creditors, unless done with fraudulent intent." And also from *my Lord Coke* as follows: "If a man had given land to a man with his daughter in frank marriage, generally a fee simple would pass without the word 'heirs,' for there is no consideration so much respected in law as the consideration of marriage in respect of alliance and posterity."

2. The instrument contains an agreement on such a consideration to convey a tract of land sufficiently described.

3. The written agreement, though executed long after the contract between the parties, which had been made by parol, is a sufficient memorandum to meet the provisions of our statute of frauds requiring contracts concerning land to be in writing. *Magee v. Blankenship,* 95 N. C., 563; 29 A. and E., p. 854.

On the verdict, therefore, and under our decisions, the record presents a case calling for a decree for specific performance, the judgment entered in the cause. *Combe v. Adams,* 150 N. C., 64; *Whitted v. Fuquay,* 127 N. C., 68; *Price v. Price,* 133 N. C., 494; *Boles v. Caudle,* 133 N. C., 528.

It was chiefly objected for defendant that this relief was not open to plaintiff by reason of the stipulation also appearing in the instrument that plaintiff, the obligee, should be good and kind to the daughter. The position being that this stipulation rendered the agreement too indefinite and uncertain to permit the remedy sought in .this case and in any court; second, that the same should be construed as a condition precedent covering the entire period of the married life of the parties.

We would be most reluctant to adopt either of these views, tending as they do in the one case to invalidate the instrument and in the other to defeat its evident and controlling purpose; and having due regard to the language of this stipulation, the relationship and evident purpose of the obligor, to provide for the support and kind treatment of his daughter in her married life, and the attendant circumstances of the transaction, all of them proper to be considered in arriving at the intent of the parties as expressed in the entire instrument (*R. R. v. R. R.,* 147 N. C., pp. 368-382; *Merriam v. U. S.,* 107 U. S., 441), we are of opinion that the learned judge who tried the cause has given the correct construction to the agreement in holding this feature of it to be a condition subsequent, and as such directing that the same be incorporated in the deed to be made by defendant. Such an interpretation sufficiently satisfies the language of the provision, will best effectuate the purpose of the parties, and is in accord with our decisions more directly relevant to the question presented. *Helms v. Helms,* 137 N. C., 206.

We find no reversible error in the record, and the judgment as entered is affirmed.

No error.