PROFFITT MERCANTILE COMPANY v. STATE MUTUAL FIRE
INSURANCE COMPANY.

(Filed 4 December, 1918.)

1. **Insurance, Fire—Denial of Liability—Proof of Loss—Waiver.**
   The insurer's denial of liability upon its fire insurance policy is a waiver of its right to require the proof of loss therein specified.

2. **Insurance, Fire — Title — Encumbrances — Payment—Evidence—One Inference, Verdict Directing—Instructions.**
   Where the policy of fire insurance specifies that the title to the property destroyed is in the insured, testimony of the insured that there had been a chattel mortgage thereon, but it had been paid off and discharged before the issuance of the policy, permits but one inference to be drawn, if found to be true by the jury, and an instruction to that effect is a correct one.

APPEAL by defendant from *Cline, J.,* at June Special Term, 1918, of AVERY.

*Lowe & Love and F. A. Linney for plaintiff.*
*R. W. Wall, J. W. Ragland, and M. W. Nash for defendant.*

CLARK, C. J. This action is to recover for loss by fire upon two insurance policies, one for $300 on fixtures and $1,000 on stock of goods. The loss by fire and the value of the goods are not in controversy. The defendant in its brief abandons all exceptions except 7 and 8. Exception 7 is because the court refused to nonsuit the plaintiff because of the failure of the plaintiff to file claim for loss and because the property was mortgaged, and Exception 8 is because the court instructed the jury "If you believe the evidence in this case to answer the issue 'Yes,'" and to assess the plaintiff's recovery at three-fourths of the fair, reasonable value of the goods and fixtures covered by these policies that were lost and destroyed in the fire, provided the amount shall not exceed $1,000 on the goods and merchandise and $300 on the fixtures.

The uncontradicted testimony of the plaintiff is that when he asked for a blank to make out the proof of claim the agents of the defendant told him it was not necessary to do anything, and the company did not send him any blank or any letter asking him to make out proof of claim. The defendant denied liability and refused to pay the loss. This is a waiver of the right to demand proof of loss and the denial of liability dispenses with the necessity of filing such proof. *Gerringer v. Ins. Co.,* 133 N. C., 407; *Parker v. Ins. Co.,* 143 N. C., 343; *Lowe v. Fidelity Co.,* 170 N. C., 446.

There is no evidence of a chattel mortgage on any of the property either at the time the policy was taken out or at the time of the fire.

35—176

The only evidence on the point is on the part of the plaintiff, who testified that there had been a mortgage on the property, but it had been paid off and discharged before the policy of insurance was taken out. There was but one inference which could be drawn from the testimony, if found to be true by the jury, and the court instructed the jury correctly. *Cauley v. Dunn,* 167 N. C., 32.

No error.