SAMUEL HORACE MᶜCALL, JR., BY HIS NEXT FRIEND ET AL., v. C. M. LEE, ADMINISTRATRIX, ET AL.

(Filed 5 October, 1921.)

### 1. Statute of Frauds—Contracts to Convey Lands—Memorandum.

Where the mother has contracted and agreed with her children to add her separate property to that of her deceased husband and divide it among them, reserving a life estate, and one of them being a minor son, she has proceeded before the court upon verified petition reciting the facts, for the conveyance of such minor's property, the recitation in her petition of the agreement is a sufficient memorandum under the statute of frauds, C. S., 988, and her contract in respect to all the children is valid and enforceable under the statute.

### 2. Same—Parol Agreement—Subsequent Writing.

The written memorandum required of the statute of frauds (C. S., 988) for the conveyance of lands need not necessarily be made at the time of the agreement, and when reduced to writing thereafter, and otherwise sufficient, it will be valid.

APPEAL by defendants from *Lyon, J.,* at June Special Term, 1921, of SAMPSON.

Lovett Lee died intestate in Duplin County in March, 1916, leaving him surviving his widow, the defendant C. M. Lee, and 7 children. The widow qualified as administratrix. She proposed to said children that if they would convey to her the entire real and personal estate which they had inherited from their father she would combine the same with her estate, and putting the whole in hotch-potch she would divide the whole of their father's estate combined with the greater part of her own estate (most of which had been conveyed to her by her husband by deeds of gift), and would make an equal division of both estates among the 7 children. They accepted the offer and all the children made her such conveyances by deed of gift for their shares in the real and personal estate of their father, except James Lovett Lee, who was a minor. As to him, she instituted a special proceeding in which she recited all the above facts in a petition signed and sworn to by her, and a commissioner was appointed who made a conveyance upon these terms to his mother, upon the promise and agreement that she would in turn combine her husband's estate with the greater part of her own estate (acquired largely from her husband) and make an equal division of both estates among her said children, and make deeds to each of them for one-seventh thereof.

Thereupon, C. M. Lee, the mother, in accordance with said contract, made a deed to each of her said children except her son, Harry B. Lee (who was the first one to convey to her his interest in his father's estate, in pursuance of her proposition), for an equal share, and thereby carried out in good faith her agreement with all her children except with Harry B. Lee.

After her son, Harry B. Lee, made his deed to his mother on 28 May, 1918, he married on 10 June, 1918, and died in October, 1918, leaving the plaintiff, Clara E. Lee, his widow, and a posthumous son, Eugene Scott Lee, who is represented in this action by his next friend, his grandfather, Horace McCall. C. M. Lee refused to execute a deed to said Harry before his death, or to his widow and son after his death (it is alleged because she was displeased with his marriage), but in violation of the contract with Harry, she retained all his share in the real and personal estate of his father, and has deprived Harry and his widow and son of the share in his father's estate, which he conveyed to her, and also of any share in hers.

The jury found on the issue submitted to them in accordance with the above statements of fact. All the brothers and sisters were made parties defendant, and the administrator of Harry B. Lee was also a party plaintiff. Judgment accordingly, and the defendants appealed.

*Butler & Herring* for *plaintiffs.*
*Stevens, Beasley & Stevens and Fowler & Crumpler* for *defendants.*

CLARK, C. J.   The following issue was submitted to the jury:   "Was the deed, dated 28 August, 1918, from Harry B. Lee to C. M. Lee made in pursuance of a contract and agreement that when the children of her deceased husband, Lovett Lee, should convey to her their respective interests in the real and personal estate of her deceased husband, thereby combining her estate with her husband's estate, that she would then in turn make deed to her children, and each of them, for a one-seventh of her husband's estate, together with the greater portion of her own individual estate," to which the jury responded "Yes."

The judgment reciting the uncontradicted evidence and admissions in the pleadings adjudged that "the plaintiffs recover of the defendants, as their interest may appear, one-seventh undivided interest in the real estate of Lovett Lee, deceased, at the time of his death, and that the plaintiffs also recover of the defendant such share or portion of the estate of the defendant, C. M. Lee, as of the date of the contract and agreement, entered into between the said C. M. Lee and her children, as will give to the plaintiffs as the real and personal representatives of Harry B. Lee, deceased, one-seventh interest in her said estate, or a share equal in value in real and personal property, or cash, to that heretofore conveyed by her to each of her other children, as shown by the several deeds executed by her to them on 1 April, 1919, as fully set out in the complaint in this action."

The judgment further provides that "the deeds made by and between C. M. Lee and the other defendants, her children, in parceling out said estate in so far as they may conflict with the provisions of this judgment shall be set aside and declared inoperative and void as between the parties to this action."

The decree further recites: "It having been, in the trial of this action, agreed between the parties plaintiffs and defendants that this trial should be limited to ascertaining only the liability and rights of the parties and not the specific amount and character of the plaintiffs' recovery,  .  .  .   this cause shall be retained upon the docket for the purpose of ascertaining the value of plaintiffs' recovery against the defendants and the method of ascertaining the amount and kind of such recovery and investing the plaintiffs with the title and possession of same."

The chief defense, and indeed the only one that requires consideration, is the plea of the statute of frauds, the defendants contending that the above agreement was oral and therefore invalid.   We pass by as unnecessary to consider, in view of the other evidence, the question whether by the conveyance by Harry B. Lee to his mother upon the terms ascertained by the verdict, she did not receive the property conveyed by Harry B. Lee on a verbal trust to be held by her according to said

agreement. The plaintiffs put in evidence the petition filed by C. M. Lee in the Superior Court for the conveyance of the property of said James Lovett Lee, her minor son, which petition was duly subscribed and sworn to by her and filed in said cause and contains as a recital the facts above stated, and particularly the following: "4. That the said C. M. Lee, petitioner, is owner in her own right of a very valuable landed estate, located in both Duplin and Sampson counties, and, since the death of her said husband, she has proposed to her children, all of whom are of full age except the said James Lovett Lee, that if they would make over to her a conveyance and bill of sale for their entire interests in the real and personal estate of the said husband so as to combine the estate of her husband with her own, that she would then in turn make deeds to her children for the greater part of her individual estate as well as all of the landed estate of her said husband, and with the view of effectuating this division and disposition of the estate of her said intestate husband, all of his said heirs and distributees, who are of full age, have already conveyed and set over to the said C. M. Lee their entire interests in the real and personal estate of the said Lovett Lee, deceased; and in further pursuance of said proposed plan for said division the said C. M. Lee and the heirs of said Lovett Lee have procured an appraisal to be made of all the lands of the said Lovett Lee, deceased, and all the lands of said C. M. Lee owned by her individually, said appraisal having been made by one O. M. Lee, a brother of Lovett Lee, deceased, and L. A. Byrd of Mount Olive, both of whom are men of ripe experience in the buying and selling of real estate and the present market value thereof." The petition further recites the valuation of aforesaid real and personal property, and adds: "The said C. M. Lee now proposes to make a deed of conveyance to the said James Lovett Lee, however, reserving the life estate therein to herself of the land appraised by the said O. M. Lee and L. A. Byrd, upon condition that the court will approve a conveyance to the said C. M. Lee of all the interests of said minor son, in the estate of his deceased father," describing the property and asking that a commissioner be appointed to execute said deed for her minor son to herself. Thereupon the decree of the court was made in accordance with the petition, reciting the above agreement for the conveyance by the children to their mother of their interest in their father's estate, and directing the commissioner to make a deed for the interest of said minor son upon condition that she will convey to him a good and sufficient deed for one-seventh of the combined property in pursuance of said agreement.

This, omitting unnecessary details in the petition and the decree in conformity thereto, is a complete statement of the transaction. The statute of frauds which is relied upon to defeat the very just claim of the

plaintiffs is to be found in C. S., 988, and so much thereof as bears upon this controversy reads as follows: "All contracts to sell or convey any lands, tenements, or hereditaments, or any interest in or concerning them, . . . shall be void unless said contract or some *memorandum* or *note* thereof be put in writing and signed by the party to be charged therewith, or by some other person by him thereto lawfully authorized." The above petition, duly signed, is also sworn to and is solemnly filed in a petition by C. M. Lee, and there is judgment upon it entered of record, which judgment was procured at her instance. It is not possible for a "memorandum" to be more complete and explicit than is made in this case, or more solemnly, having been signed and sworn to and made a record of the court and a judgment at the instance, and by the procurement, of the said C. M. Lee having been entered thereon.

It would be difficult to add anything in support of this very clear instance of compliance with the memorandum required by said statute. We have many cases in this State, among them *Mizell v. Burnett,* 49 N. C., 249, which says that it has always been held that letters addressed to third parties stating and affirming a contract may be used against the writer as sufficient memorandum of it, and that such writings are sufficient evidence of the contract to warrant the court in giving effect to it. This is also held in *Nicholson v. Dover,* 145 N. C., 18.

The written memorandum may be made subsequent to the time of making the contract. *McGee v. Blankenship,* 95 N. C., 563; *Winslow v. White,* 163 N. C., 29. In 2 Elliott on Contracts, 546-7, sec. 312, it is said: "The form of the memorandum is not material so long as it is sufficient to comply with the requirements of the statute. . . . Any document signed by the party to be charged containing the terms of the contract will suffice, as a letter to a third party, a will, or an affidavit in a different matter."

Neither the defendant C. M. Lee nor any of the other defendants denied or introduced any evidence to explain the execution of the deeds made to her and by her to her children, nor to contradict the terms of the contract between her and her children as set out in the petition signed and sworn to and filed by her in the aforesaid petition, and recited in the judgment procured by her upon said statement and filed of record in said county. The marriage of said Harry B. Lee and the birth of issue in nowise contradicted or modified the terms of said agreement. His widow and son and his administrator, the son appearing by his next friend, stand in his shoes and are entitled to all the benefits in the performance of said contract which he would have been entitled to claim and enforce if he were still living.

No error.