### J. F. SIMPSON, TRUSTEE, v. BEAUFORT COUNTY LUMBER COMPANY ET AL.

(Filed 30 March, 1927.)

**Contracts—Statute of Frauds—Sufficient Writings—Principal and Agent.**

> A series of written letters, telegrams or other papers, documents, etc., signed by the parties or their authorized agents relating to the subject-matter of the transaction, will be construed together, and when the contract appears to be complete, the omissions in some of the writings supplied by others, it is sufficient in contemplation of the statute of frauds to be binding upon the parties thereto.

APPEAL by plaintiff from *Bond, J.,* at Chambers, Wilmington, N. C. From BRUNSWICK.

Civil action for specific performance of an alleged contract to buy timber, brought by plaintiff, vendor, against the vendee or purchaser. A jury trial was waived, and, by consent of both parties, the case was heard and determined by the judge without a jury. The action was dismissed, because, in the opinion of the presiding judge, the plaintiff failed to show a compliance with the statute of frauds. From such judgment the plaintiff appeals, assigning error.

*Wright & Stevens for plaintiff.*
*C. Ed. Taylor, Dickson McLean, H. E. Stacy and Carl W. Pridgen, Jr., for defendants.*

STACY, C. J. Following negotiations had between the duly accredited agents of the parties, relative to the sale and purchase of a tract of timber situate in Brunswick County, the agent of the plaintiff, on 30 May, 1925, wired the agent of the defendant as follows:

"My people accept your offer nine thousand for the timber. Will write Monday."

This telegram was confirmed by letter (undated) the following Monday, in which reference was made to three timber deeds, descriptive of

the timber to be sold, and said letter also contained a request that the defendant have its attorney examine title, prepare deeds, and report without delay.

On 5 June following, the general superintendent and agent of the defendant wrote the agent of plaintiff as follows:

"Your letter without date received. I have been away from town ever since Sunday, and it has just come to my attention. Am also in receipt of your telegram advising that your people accepted our offer. We will place this matter in our lawyer's hands, and as soon as we have been able to get report from him will let you hear from us further.

                        Yours truly,
                        BEAUFORT COUNTY LUMBER COMPANY.
                        E. M. DEWEY, *General Supt.*"

The title was duly approved by defendant's attorney; whereupon proper deeds were executed by plaintiff and tendered to the defendant with demand for payment in accordance with the contract.

Upon defendant's refusal to accept the deeds and pay the purchase price, plaintiff brings this action to compel performance. There was other correspondence between the agents of the parties, from which the following, signed by the defendant's general superintendent and addressed to plaintiff's agent, under date of 18 August, 1925, is taken: "I will do just what I have promised you I would do in regard to this matter, and try to expedite the final closing of this matter all possible."

Has plaintiff shown a sufficient memorandum in writing, signed by the party to be charged therewith, or by some other person by it thereto lawfully authorized, as required by the statute of frauds? C. S., 988. We think he has. A valid contract, within the statute of frauds, "may consist of one or many pieces of paper, provided the several pieces are so connected physically or by internal reference that there can be no uncertainty as to the meaning and effect when taken together. But this connection cannot be shown by extrinsic evidence." *Mayer v. Adrian,* 77 N. C., 83; *Mfg. Co. v. Hendricks,* 106 N. C., 485; *Gordon v. Collett,* 102 N. C., 532; *Neaves v. Mining Co.,* 90 N. C., 412.

The law on the subject is stated in 27 C. J., 259-261, as follows: "The note or memorandum required by the statute of frauds need not be contained in a single document, nor, when contained in two or more papers, need each paper be sufficient in contents and signature to satisfy the statute. Two or more writings properly connected may be considered together, matters missing or uncertain in one may be supplied o.' rendered certain by the other, and their sufficiency will depend upon whether, taken together, they meet the requirements of the statute as to contents and signature. The rule is frequently applied to two or more,

or a series of letters or telegrams, or letters and telegrams sufficiently connected to allow their consideration together. But the rule is not confined in its application to letters and telegrams; any other documents can be read together when one refers to the other. The rule has been applied so as to allow 'the consideration together, when properly connected, of a letter and an order of court, a letter and an order for goods, letters and undelivered deeds, correspondence and accompanying papers, a check and a letter, a receipt and a check, a memorandum of agreement and a deed, and a contract, deed, and instructions to a depositary in escrow. Matters not contained in one paper, or not stated therein with sufficient' definiteness and certainty, such as the name of a party, a description of the subject-matter, a statement of the consideration, or the terms of payment, are frequently found to be adequately stated in another paper which is sufficiently connected with the former paper to justify their consideration together."

The correspondence in the instant case is quite as plain and explicit as that held to be sufficient to meet the requirements of the statute of frauds in *Dowdy v. White,* 128 N. C., 17.

Let the cause be remanded for further proceedings not inconsistent with this opinion.

Error.