## W. C. DAVIS AND SMITH DAVIS v. D. F. WARREN.

(Filed 10 April, 1935.)

1. **Evidence K a—Admission of testimony of surveyor as to acreage as ascertained from ex parte survey without notice held not error under the facts.**

   Plaintiff purchaser brought suit on a contract to convey forty acres of land, which stipulated that the vendor should pay the purchaser for any shortage in the tract at the rate of $75.00 an acre, the vendor to be bound by a survey to be made of the land, the contract failing to stipulate which party was to make the survey. The vendor denied the execution of the contract, but upon the trial both parties introduced evidence as to the disputed acreage. *Held:* The admission of testimony of a surveyor as to the acreage as ascertained by him in an *ex parte* survey without notice to defendant will not be held for error upon the vendor's exception.

2. **Limitation of Actions E f—Directed verdict in plaintiff's favor on issue of bar of statute held correct under the evidence.**

   Plaintiff brought suit to recover the amount of shortage in a tract of land under the provision of a contract under seal to convey which provided that defendant vendor should pay for such shortage at the rate of a stipulated sum per acre as ascertained by a survey to be made, the

vendor binding himself to "a survey of said land before the final settle-
ment is made so as to know the correct number of acres to settle on."
The evidence showed that the action was instituted more than ten years
after the execution of the contract, but less than four years from the date
of final payment of the purchase price by the purchaser. *Held:* A
directed verdict in plaintiff's favor on the issue of the bar of the statute
of limitations was not error.

3. **Judgments L f—Under the facts of this case defendant held not en-
titled to dismissal of action on ground of estoppel by judgment.**

Defendant did not plead estoppel by judgment in his answer, but his
contention that the execution of notes by plaintiff upon which defendant
had obtained judgment constituted a new contract superseding the con-
tract sued on by plaintiff in this action was fully submitted to the jury
and answered in plaintiff's favor. *Held:* Defendant's contention that
the court erred in refusing to dismiss the action on the ground of the
former action between the same parties on the notes cannot be sustained.

APPEAL by defendant from *Sinclair, J.,* at December Term, 1934, of
WATAUGA. No error.

The plaintiffs bring an action on the following contract: "State of
North Carolina, Watauga County: this is to sertify contract between
D. f. Warren, T. S. Davis and W. C. Davis whereas i, the said D. f.
Warren, have this day sold to T. S. and W. C. Davis 40 acres of land
at 75 Dollars per acre this land not being surveyed at the time of sale,
but i, the said D. F. Warren, do hereby bind myself to a survey of said
land before the final settlement is made so as to know the correct num-
ber of acres to settle on with said purchasers at the price of 75 Dollars
per acre and if said land runs over 40 acres the said purchasers do
hereby agree to pay 75 Dollars per acre for the over-run if there be any
and i, the said D. f. Warren, do hereby bind myself to pay back to the
purchasers 75 Dollars per acre for all under 40 acres. this March 4,
1919.    (Signed) D. F. Warren (Seal). T. S. Davis (Seal). W. C.
Davis (Seal)."

The plaintiffs allege that the land contains only thirty acres and
pray judgment for $750.00. The defendant denies that there was such
a contract and that the same is a forgery and pleads the ten-year statute
of limitations.

The issues submitted to the jury and their answers thereto were as
follows: "(1) Did the defendant execute the contract, as alleged in
the complaint? A. 'Yes.' (2) If so, what was the amount of shortage,
if any? A. 'Six acres.' (3) Is the plaintiffs' claim barred by the
statute of limitations? A. 'No.' (4) What sum, if any, are the plain-
tiffs entitled to recover of the defendant? A. '$450.00.' "

The defendant made numerous exceptions and assignments of error
and appealed to the Supreme Court. The material ones and necessary
facts will be set forth in the opinion.

*Wiley H. Swift and C. David Swift for plaintiffs.*
*W. R. Lovill and T. E. Bingham for defendant.*

Per Curiam. The questions involved on this appeal, as set forth by defendant, we will consider *seriatim,* as follows: *First:* "Did the court err in permitting the surveyor to testify as to the acreage in a tract of land surveyed by him in an *ex parte* survey without notice to the defendant?" We think not, under the facts and circumstances of this case. The defendant denied the execution of the contract.

The jury, in its answer to the first issue, found that the defendant executed the contract as alleged in the complaint. The contract, which we must construe, contained the following: "This land not being surveyed at the time of the sale, but i, the said D. F. Warren do hereby bind myself to a survey of said land before the final settlement is made so as to know the correct number of acres to settle on with said purchasers," etc.

Who should make the survey was not mentioned in the contract. Either party, under the contract, could have made a survey. Although defendant denied that there was such a contract, yet the disputed acreage was in evidence on the part of both plaintiffs and defendant. The county surveyor, a witness for plaintiffs, made a survey and testified that there were 34 acres in the tract. A surveyor, a witness for defendant, made a survey, and testified that there were 38 acres in the tract, and this survey was made at the request of plaintiffs. This matter was submitted to the jury under the second issue and the amount of shortage found to be six acres.

*Second:* "Did the court err in refusing to direct a verdict in favor of the defendant on the ground that the action was barred by the statute of limitations?" We think not.

The contract says "a survey of said land *before the final settlement is made* so as to know the correct number of acres to settle on with said purchasers," etc.

The plaintiff, T. S. Davis, testified, in part: "I had a further conversation with Mr. Warren. The last $100.00 we paid Mr. Warren was some time in August, 1930, I believe, after he made the survey, when my brother surveyed it and it fell short considerably, and he came to us and said he needed money and we paid him $100.00, with the understanding that when the final settlement came, if it was not right, he was to make it right. I think that was some time in August. The check will show. We demanded that he come up and make settlement on the shortage, about the time the note came due."

The contract is under seal and the present action was brought 1 November, 1933. The court charged the jury upon this issue, in which we

DAVIS *v.* WARREN.

can see no error, as follows: "The third issue: 'Is the plaintiffs' claim barred by the statute of limitations?' Upon this issue, gentlemen, the court charges you that if you find the facts to be as testified by the witnesses and shown by the evidence in this case to be true, you would answer this third issue 'No.' I will write the answer for you to that issue, with your permission."

*Third:* "Did the court err in refusing to dismiss the action on the ground that there had been a former action between the parties plaintiffs and defendant, upon certain notes growing out of the same transaction?" Under the facts and circumstances of this case, we think not.

The defendant in its answer of further defense, if he had the right to do so, did not plead estoppel as to former action against plaintiffs on the notes, and tendered no issue to that effect.

In defendant's further defense, in his answer, is the following: "That the plaintiffs procured a loan from the Federal Land Bank, and that at the time of securing said loan, had a survey of said premises made and the land counted, and that they knew that the boundary did not contain 40 acres, but, notwithstanding said knowledge, said plaintiffs executed to the defendant their notes for the sum of $300.00, this being the balance due after applying proceeds of loan to the payment of the indebtedness owing by plaintiffs to the defendant at the time, and said execution of said notes is hereby pleaded as an estoppel against said plaintiffs."

The fourth issue is as follows: "What sum, if any, are the plaintiffs entitled to recover of the defendant?" On this issue the court below gave defendant the full benefit as to the above defense in his answer as to a final settlement and estoppel, and charged the jury as follows: "If you find that the original contract was executed as contended for by the plaintiffs, but if you further find from the evidence that when the plaintiffs borrowed the money from the land bank they agreed for the defendant's mortgage to be canceled, so as to enable them to get the loan, and in consideration of his discounting the principal and striking out all of the interest, and if you find that the plaintiffs agreed, in consideration of that, to execute the notes for $300.00 as a final settlement of the transaction between the plaintiffs and defendant, and find that was in substitution of the original agreement, you would answer the issue, 'Nothing.'"

The controversy was one mainly of fact, which the jury could have decided either way, but they decided for plaintiffs. They are the triers of fact. The defendant, in this Court, made a motion for a new trial on the ground of newly discovered evidence. We do not think this motion comes up to the rule as laid down in *Johnson v. R. R.,* 163 N. C., 431 (453-4). For the reasons given, we find

No error.