ILA MAE RHODES; CLIFFORD RAXTER AND WIFE, SUSIE RAXTER, AZILEE RAY AND HUSBAND, CARL RAY, v. FAYETTE RAXTER AND WIFE, FLOSSIE RAXTER.

(Filed 4 May, 1955.)

**1. Trusts § 4a—**

Where defendants' evidence is insufficient to show what part, if any, of the purchase price he advanced at or before the time legal title passed to the alleged trustee, the evidence is insufficient to establish a resulting trust in defendants' favor, since consideration advanced after the passing of the legal title is ineffectual to create a resulting trust.

**2. Trusts § 2a—**

Allegation and proof to the effect that after his parents acquired legal title to the premises, they entered into a verbal agreement with defendant under which defendant was to have that portion of the land which would include the dwelling house, barn and other improvements which defendant assisted in placing on the land, *held* insufficient to establish a parol trust in defendant's favor, since an agreement relied upon to create a parol trust must ordinarily be made prior to, or contemporaneously with, the passing of the legal title.

**3. Appeal and Error § 39e—**

Where the record fails to show what the testimony excluded would have been if the witness had been permitted to answer the questions propounded, the exclusion of the testimony cannot be held prejudicial.

**4. Trusts § 4c—**

Upon the issue of a resulting trust, evidence of the furnishing of consideration after legal title had passed to the alleged trustee, is properly excluded, since such evidence is irrelevant to the issue.

**5. Trial § 29—**

Where all the evidence points in the same direction with but one inference to be drawn from it, a peremptory instruction to answer the issue accordingly if the evidence is found to be true, is proper and will be upheld.

**6. Trial § 28—**

A peremptory instruction that if the jury believes the facts to be as all the evidence tends to show, to answer the issue in the affirmative, will not

be held for prejudicial error, certainly when the court in giving the peremptory instruction in another part of the charge, adds that if the jury does not so find, to answer the issue in the negative.

**6. Appeal and Error § 29—**

    Exceptions not brought forward in the brief and supported by argument or citation of authority are deemed abandoned.

BARNHILL, C. J., and DEVIN, J., took no part in the consideration or decision of this case.

APPEAL by defendants from *Nettles, J.*, and a jury, at July-August Term, 1954, of TRANSYLVANIA.

*Ramsey & Hill for plaintiffs, appellees.*
*Lewis P. Hamlin, Jr., and Thomas R. Eller, Jr., for defendants, appellants.*

JOHNSON, J.  This proceeding was instituted as a petition for partition of land among tenants in common.

The record title was held as an estate by the entirety by J. H. Raxter and wife, Sarah Raxter, both of whom died intestate prior to the commencement of this proceeding, Sarah Raxter having died last.  She was survived by the following named children, her only heirs at law:  Ila Mae Rhodes, Clifford Raxter, Azilee Ray, and Fayette Raxter.

The plaintiffs, upon allegations that each of the four children owns a one-fourth interest in the land, pray the court for actual partition.

The defendants deny that the shares of the four owners are equal, and by further defense allege that by virtue of a resulting trust or a parol trust, or both, the defendant Fayette Raxter owns, in addition to the share to which he is entitled by inheritance, an interest in the land to the extent of about one-third its value.

After the proceeding was instituted, Clifford Raxter and wife conveyed whatever interest they had in the lands to Fayette Raxter.

At the close of the evidence in the trial below, the defendant Fayette Raxter's trust pleas were disposed of by involuntary nonsuit.

The verdict of the jury established and the judgment below decrees that the plaintiffs Ila Mae Rhodes and Azilee Ray each owns a one-fourth undivided interest in the land, and that the defendant Fayette Raxter owns the remaining one-half undivided interest.

Decision here turns on whether the evidence adduced below is sufficient to raise a trust in favor of the defendant Fayette Raxter.  The evidence discloses that about 1912 J. H. Raxter and wife, Sarah Raxter, purchased and took title to a tract of land known as the Clark place.  It was paid for on the installment plan.  During the early 1920's this

tract was sold, and the proceeds were applied as part payment of the purchase price of the 45-acre Elzie Raxter place now in controversy. The deferred balance due on the purchase price was paid in installments over a period of years. Fayette Raxter made contributions to his parents from time to time to assist them in paying for both tracts of land. However, the evidence fails to disclose that he advanced any definite fractional portion of the purchase money, for any distinct interest in the land, when each tract was purchased. On the contrary, the evidence discloses that Fayette Raxter simply made general contributions, as for example of from $10 to $50 each, toward the purchase of the lands. Moreover, the evidence which fixes with any degree of certainty the time relationship between the contributions made by Fayette Raxter and the acquisition of title by his parents indicates that practically all the contributions were made after title passed for the purpose of assisting in paying installments due on the deferred balance of the purchase price. In this state of the record, with the evidence being insufficient to afford a basis for determining what proportionate part, if any, of the purchase money was advanced by Fayette Raxter at or before the time legal title passed to his parents, the court below properly concluded there was no evidential basis for establishing in favor of Fayette Raxter any ascertainable trust interest in either tract of land based on *pro tanto* payment of the purchase money. It is elemental that a resulting trust arises, if at all, in the same transaction in which the legal title passes, and by virtue of consideration advanced before or at the time the legal title passes, and not from consideration thereafter paid. *Beam v. Bridgers,* 108 N.C. 276, 13 S.E. 112; 54 Am. Jur., Trusts, section 204. See also *Olcott v. Bynum,* 84 U.S. (17 Wall.) 44, 21 L. Ed. 570; *McWhirter v. McWhirter,* 155 N.C. 145, 71 S.E. 59; *Bowen v. Darden,* 241 N.C. 11, 84 S.E. 2d 289; 54 Am. Jur., Trusts, section 216; Annotation, 42 A.L.R. 10, 54; Annotation, 34 L. Ed. 1091.

Equally untenable is the defendant Fayette Raxter's alternate contention that he is entitled to a portion of the land in fee-simple by virtue of a parol agreement with his parents. As to this, it is alleged, and his evidence tends to show, that J. H. Raxter and wife, Sarah Raxter, entered into a verbal agreement with Fayette Raxter by which the latter was to have a designated portion of the 45-acre tract which would include the dwelling house, barn, and other improvements he assisted in placing on the land. However, it is noted that the defendants' pleading, as well as their proofs, fix the time of the alleged parol agreement as being after the legal title to the land passed to J. H. Raxter and wife, Sarah Raxter. This being so, the alleged agreement was ineffectual to raise a trust. Ordinarily, in order to raise a trust in land the parol agreement relied on must be made prior to or con-

temporaneously with the passing of the legal title. *Frey v. Ramsour,* 66 N.C. 466; Mordecai's Law Lectures, Second Edition, Vol. II, pp. 991 and 992. The rule is that "where the legal estate is not conveyed, a trust cannot be raised by a parol declaration even though founded upon a valuable consideration and followed by actual occupancy and the erection of valuable improvements." *Cobb v. Edwards,* 117 N.C. 245, 247, 23 S.E. 241. See also *Hamilton v. Buchanan,* 112 N.C. 463, 17 S.E. 159; *Taylor v. Addington,* 222 N.C. 393, 23 S.E. 2d 318; *McCorkle v. Beatty,* 225 N.C. 178, 33 S.E. 2d 753; G.S. 22-2.

It necessarily follows that the evidence was insufficient to raise a trust in favor of the defendant Fayette Raxter, upon either the theory of a resulting trust or of a parol trust. These pleas were properly dismissed on plaintiffs' demurrer to the evidence.

Also untenable are the defendants' assignments of error relating to the exclusion of evidence. Within this group the defendants have brought forward more than thirty exceptions. Practically all these are without merit for the reason the record fails to show what the testimony would have been if the witnesses had been permitted to answer the questions propounded. The rule is that the exclusion of testimony cannot be held prejudicial on appeal unless the appellant shows what the witness would have testified if permitted to do so. *Peek v. Trust Co., ante,* 1; *Highway Commission v. Black,* 239 N.C. 198, 79 S.E. 2d 778.

Exception No. 26 relates to the ruling of the court in striking out the testimony of the witness Jobe Hamet to the effect that J. H. Raxter and wife told him that "Fayette Raxter paid a part of the purchase price" of the land, and that the witness "saw him pay J. H. Raxter money to pay on it." The exclusion of this testimony was not prejudicial to the defendants since it was not made to appear that the "part of the purchase price" paid by Fayette Raxter was contributed prior to or contemporaneously with the passing of the legal title. Indeed, the further testimony of the witness Hamet tends to show that the contribution referred to was made after the legal title passed, the further statement of the witness being: "When I saw him pay Mr. Raxter money, Mr. Raxter told me that it was to make a payment on the land—what they lacked of having it paid for."

The remaining exceptions brought forward in the brief have been examined and found to be without merit. Included among these are Exceptions Nos. 71 and 72 which challenge the peremptory instructions given the jury in favor of the plaintiffs. After the defendants' trust pleas were disposed of by nonsuit, the single issue to be determined by the jury, under the theory of the trial, was whether the plaintiffs Ila Mae Rhodes and Azilee Ray and the defendant Fayette Raxter were the owners of the land as tenants in common. All the relevant evidence

bearing on this issue pointed to an affirmative answer. There was no evidence *contra*. Hence, a peremptory instruction in favor of the plaintiffs was proper. The rule is that where all the evidence points in the same direction, with but one inference to be drawn from it, an instruction to find in support of such inference if the evidence is found to be true, is proper and will be upheld. *Mercantile Co. v. Ins. Co.*, 176 N.C. 545, 97 S.E. 476; *Holt v. Maddox*, 207 N.C. 147, 176 S.E. 261; *Davis v. Warren*, 208 N.C. 174, 179 S.E. 329. The instruction to which Exception No. 71 relates is as follows: ". . . if you believe the facts to be as testified to by the witnesses in the case, and the other evidence and testimony, you will answer the issue YES; *otherwise you will answer it NO.*" (Italics added.) After some time had elapsed, the presiding Judge recalled the jury to the court room and gave a further instruction. Exception No. 72 relates to the further instruction. It is substantially the same as the first one, with this exception: the portion of the first instruction shown in italics above was omitted from the second instruction. While this omission may be technically inexact under the rule applied in *Reynolds v. Earley*, 241 N.C. 521, 85 S.E. 2d 904, the instruction as given may not be held for error on this record. Compare *Commercial Solvents v. Johnson*, 235 N.C. 237, and cases cited on page 243, 69 S.E. 2d 716. See also *Shelby v. Lackey*, 236 N.C. 369, 72 S.E. 2d 757. Here prejudice has not been made to appear. Indeed, the instruction is not challenged as to form. Moreover, the exceptions relating to the peremptory instructions as brought forward in the brief are unsupported by argument or citation of authority. Therefore, both exceptions may be treated as abandoned under Rule 28, Rules of Practice in the Supreme Court, 221 N.C. 544, 563; *S. v. Cole*, 241 N.C. 576, 86 S.E. 2d 203.

It is noted that in the oral argument here the appellants abandoned their contention that the court below erred in ordering actual partition, rather than a sale therefor.

The trial and judgment below will be upheld.

No error.

BARNHILL, C. J., and DEVIN, J., took no part in the consideration or decision of this case.