B. FRANK MILLIKAN v. MRS. TAMZIN L. SIMMONS.

(Filed 23 May, 1956.)

**1. Trial § 29—**

Where defendant admits the execution and delivery of the instrument in question, a peremptory instruction to answer the issue in the affirmative is justified.

**2. Vendor and Purchaser § 18—**

Notice by the vendor that she would not carry out the terms of the option makes tender of payment by the purchaser unnecessary.

**3. Vendor and Purchaser § 17b: Frauds, Statute of, § 2—**

Where, during the life of an option, there is a verbal agreement for extension of time, and a memorandum thereof, sufficient under the Statute

MILLIKAN v. SIMMONS.

of Frauds, is thereafter executed and signed by the vendor, such extension of time is valid and binding on the vendor, notwithstanding that the memorandum is executed after the expiration of the term of the original option, since the Statute of Frauds does not require that the agreement shall be in writing but only that some memorandum of the agreement be in writing and signed by the party to be charged. G.S. 20-1.

**4. Frauds, Statute of, § 2—**

Where, during the term of an option, the parties verbally agree to an extension at the request of vendor, and thereafter a memorandum of the extension is executed and signed by vendor, and such memorandum refers to the original option and stipulates that its terms should remain in effect for the period of the extension, the memoranda will be construed together, and the extension is sufficiently definite and certain when made so by reference to the original option.

**5. Trial § 36—**

Where an issue embraces all the essential matters in dispute, in view of the admissions in the pleadings and the testimony of the parties, it is sufficient.

**6. Appeal and Error § 24—**

Ordinarily, objection to the trial court's review of the evidence or its statement of contentions must be called to the court's attention in apt time.

**7. Trial § 32—**

A party desiring more specific instructions as to the law applicable to the case should aptly tender prayer therefor.

DEVIN, J., took no part in the consideration or decision of this case.

APPEAL by defendant from *Crissman, J.,* 10 October, 1955 Civil Term, GUILFORD Superior Court (Greensboro Division).

Civil action to compel specific performance of a contract to convey certain described lands located in Guilford County.

The plaintiff based his cause of action on three documents signed by the defendant and introduced in evidence by the plaintiff. The defendant admitted their execution and delivery. They are:

1. "For and in consideration of the sum of $250 I hereby give you the exclusive and irrevocable right for the term of 60 days from this date to purchase my farm consisting of 48.25 acres located on what is known as the Sampson Road, South of Highway 421 in Friendship Township in Guilford County, North Carolina and being the same property purchased from J. Porter Gray and wife.

"I agree to convey said property to you or your assigns on or before July 15, 1954 free and clear of all encumbrances upon receipt of $20,000.00 cash. It is understood that taxes for the year 1954 will be pro rated to date of conveyance.

MILLIKAN v. SIMMONS.

"It is further understood and agreed that in event you or your assigns fail to complete payment of purchase price as herein outlined the said sum of $250.00 paid herewith shall be forfeited to me as liquidated damages and your contract to purchase shall become null and void.

"It is further agreed that the amount of $250.00 paid herewith shall apply on the purchase price of $20,000.00.

"This 14th day of May, 1954.

"It is agreed that conveyance will be made subject to crop agreement with H. N. Sampson.

"Mrs. Tamzin L. Simmons, Owner.

> "I hereby accept and agree to the above provision inserted in pen and ink with reference to crop agreement. B. Frank Millikan

"Witness: Robert J. Simmons."

2. "Greensboro, N. C., July 15, 1954. Mr. B. Frank Millikan, 208 W. Gaston St., Greensboro, N. C. Dear Sir: With reference to option agreement dated May 14, 1954 given to you for the purchase of my farm in Friendship Township, containing 48 acres, more or less, which I purchased from J. Porter Gray, I hereby extend term of the option for 15 days from this date. All other conditions to remain the same. Yours very truly, Mrs. Tamzin L. Simmons, Owner."

3. "Greensboro, N. C., July 23, 1954. Mr. B. Frank Millikan, 208 West Gaston Street, Greensboro, N. C., Dear Sir: Reference is made to my letter to you, under date of July 15, 1954, relative to the purchase of my farm in Friendship Township, and this letter is to advise you that any offer heretofore made by me to you, whether in my letter of July 15 or otherwise, relative to the sale of my farm, is hereby cancelled and withdrawn. Very truly yours, Mrs. Tamzin L. Simmons."

The real controversy developed over the legal effect of Exhibit No. 2, the extension agreement. The plaintiff testified in substance: That he obtained the option and paid $250 to the defendant as provided. Prior to 15 July, 1954, he went to the defendant and notified her of his election to purchase under the option. After referring to some memoranda in his files, he fixed the date as 13 July. The defendant stated that her son was in Ohio and would be away for a week and that she wanted her son present; and she requested a postponement until his return. The plaintiff agreed to the postponement, provided the defendant would sign an extension of the option. This she agreed to do. The agreement

to extend the option for 15 days was entered into on 13 July at her request and for her benefit. It was reduced to writing and signed by her on 15 July. On 24 July the defendant delivered to him document No. 3, the notice of cancellation. On 27 July he tendered to the defendant a cashier's check on the Security National Bank of Greensboro for $19,750 and demanded a deed. The defendant declined to receive the check and refused to deliver a deed.

The defendant testified in substance: She executed the option on 14 May, 1955; received the payment of $250 according to its terms. On 14 July the plaintiff came to her home and asked her if she still wanted to sell the farm and she replied, "I guess so." It was agreed that she go to his office on the following day and "make out" the papers. The next morning she was ill and so advised the plaintiff's office by telephone. Soon thereafter the plaintiff came to her home where she signed the extension agreement. She denied that at any time she requested a postponement or that the postponement was for her benefit. She admitted the delivery of the notice of cancellation and that on 27 July the plaintiff came to her home, stated he had a cashier's check for $19,750, which she declined to accept, and that she refused to make the deed.

The court, over defendant's objection, submitted to the jury the following issues, which the jury answered as indicated:

"1. Did the defendant execute in writing an option agreement on May 14, 1954? Answer: Yes.

"2. Did the defendant request the plaintiff to extend the time within which to comply with the option agreement of May 14, 1954? Answer: Yes.

"3. Did the plaintiff, within the time limited by the option agreement, pay or tender to the defendant the sum of $20,000.00 in cash in compliance with the terms of said option agreement? Answer: Yes."

From a judgment decreeing specific performance, the defendant appealed, assigning errors.

*Thomas Turner for defendant, appellant.*
*King, Kleemeier & Hagan for plaintiff, appellee.*

HIGGINS, J. The admissions of the parties in their pleadings and in their testimony eliminated issues 1 and 3 from controversy. The defendant having admitted the execution and delivery of the option justified a peremptory instruction to the jury to answer the first issue "yes." *Rhodes v. Raxter,* 242 N.C. 206, 87 S.E. 2d 265; *Davis v. Warren,* 208 N.C. 174, 179 S.E. 329; *Mercantile Co. v. Ins. Co.,* 176 N.C. 545, 97 S.E. 476.

As to the third issue, the defendant admitted she delivered to the plaintiff the notice of cancellation dated 23 July. Notice from her that she would not carry out the terms of the option as extended made unnecessary a tender of payment by the plaintiff. *Douglass v. Brooks*, 242 N.C. 178, 87 S.E. 2d 258; *Penny v. Nowell*, 231 N.C. 154, 56 S.E. 2d 428; *Gaylord v. McCoy*, 161 N.C. 685, 77 S.E. 959.

While the evidence of the parties was in agreement as to the first and third issues, their evidence was sharply in conflict on the vital second issue. The plaintiff testified that on 13 July he notified the defendant of his election to purchase the farm. She requested a postponement to which he agreed on condition the option should remain in force. She accepted the condition. The parties agreed the option should be extended for 15 days. This agreement was made on the 13th at the defendant's request and was reduced to writing on the 15th. The plaintiff contended his agreement to forego his right to close the transaction at once and receive his deed (continuing the defendant in possession) constituted sufficient consideration to support the defendant's agreement to extend the option.

The defendant testified in substance: Mr. Millikan came to her home on 14 July; asked her if she still wanted to sell the farm. Upon receiving an affirmative answer, arrangements were made for a meeting on the 15th in his office to prepare the papers. On the 15th she notified his office she was ill and unable to keep the appointment. Whereupon, he came to her home, presented the extension agreement which she signed. She contended the original option had expired on the 13th and that the extension agreement was without consideration and amounted to nothing more than a new offer to sell which was subject to be withdrawn at any time before acceptance and by her letter of 23 July she withdrew the offer. The defendant further contended the extension agreement, regardless of when made, was an agreement to sell land, required to be in writing, and the writing was not signed until the 15th, at which time the option had already expired. She contended also that the extension agreement is so vague, indefinite, and contradictory as to be unenforceable.

While a number of our decisions are to the effect that a contract to sell land must be in writing, the statement is not altogether accurate. G.S. 22-1 provides: "All contracts to sell or convey any lands . . . shall be void unless such contract *or some memorandum or note thereof* be in writing and signed by the party to be charged therewith or by some other person by him thereto lawfully authorized." It is not necessary, therefore, that a writing be signed at the time a contract is made. "The writing is not the contract; it is the party's admission that the contract was made." Wigmore on Evidence, 3rd Ed., Vol. 9, Sec. 2454,

p. 175. It is sufficient if subsequent to the contract a memorandum thereof is reduced to writing and signed by the party to be charged. *McCall v. Lee,* 182 N.C. 114, 108 S.E. 390; *Winslow v. White,* 163 N.C. 29, 79 S.E. 258. The extension agreement, if made on the 13th and reduced to writing and signed on the 15th, would be enforceable between the parties as of the 13th. The defendant signed the writing. It refers to the original option by date and by description of the land, and concludes, "I hereby extend terms of the option for 15 days from this date. All other conditions to remain the same." The effect is to substitute 30 July for the date in the original option. The memorandum required may be more than one writing, provided they are connected by internal reference and when taken together their meaning is certain. *Smith v. Joyce,* 214 N.C. 602, 200 S.E. 431; *Simpson v. Lumber Co.,* 193 N.C. 454, 137 S.E. 311; *Mayer v. Adrian,* 77 N.C. 83.

For the foregoing reasons the motion for judgment of nonsuit was properly overruled.

The assignments of error based on the charge on the second issue cannot be sustained. The trial court gave the substance of the evidence, fairly stated the contentions of the parties, and properly placed the burden of proof on the plaintiff. While the wording of the second issue leaves something to be desired, nevertheless, in view of the admissions in the pleadings and in the testimony of the parties, it embraced the essentials of the matters in dispute and is sufficient to support the judgment. Prejudicial error does not appear.

If the defendant found fault with either the court's review of the evidence or its statement of contentions, it was her duty to call the court's attention thereto before the jury retired. If she desired more specific instructions as to the law applicable to the case, she should have made a request by appropriate prayer. No legally sufficient reason is made to appear why the judgment should be disturbed.

No error.

DEVIN, J., took no part in the consideration or decision of this case.