HENRY S. BEASLEY v. THERESA S. WILSON AND RICHARD S. WILSON, JR., AND B. J. LLOYD.

(Filed 13 April, 1966.)

**1. Trusts § 13—**

The evidence tended to show that land held by the entireties was partitioned after the divorce of the parties, and that the wife promised orally and in writing to convey her part to a child of the marriage when he became 21 years of age. The evidence further tended to show that the son, in reliance on the promise, spent time and money improving the property. *Held:* Since the promise to convey was made after legal title had already vested in the wife, such promise cannot constitute the basis of a resulting trust, but at most constitutes a contract to convey.

**2. Registration § 6—**

An unregistered contract to convey is not enforceable against a grantee of the owner, even though the grantee had knowledge of the existence of such contract at the time of his purchase.

MOORE, J., not sitting.

APPEAL by plaintiff from *Mallard, J.,* September 1965 Civil Session of FRANKLIN.

The plaintiff appeals from a judgment sustaining a demurrer by the defendant Lloyd to the complaint and dismissing the action as to him.

The material allegations of the complaint may be summarized as follows:

The plaintiff is the son of Henry M. Beasley and the defendant, Theresa S. Wilson (formerly Theresa S. Beasley). While they were married a tract of land containing 162.5 acres, described in the complaint by metes and bounds, was conveyed by deed to Henry M. Beasley and Theresa S. Beasley (now Wilson), the deed being recorded in the office of the Register of Deeds of Franklin County. Subsequently, the Beasleys were divorced and thereafter the former

Mrs. Beasley married her co-defendant, Richard S. Wilson, Jr. The plaintiff, then sixteen years of age, elected to remain with his father upon the above mentioned farm. Following her divorce from Henry M. Beasley, the defendant Theresa S. Wilson filed a special proceeding for the partition of the land and it was divided into two parts, one of which, described in the complaint by metes and bounds, was allotted to Theresa S. Wilson. Both orally and in writing the defendant Theresa S. Wilson "told the plaintiff that her part of the farm, described above, was his and that she would convey it to him when he became 21 years old and that she wanted him to continue to live and work on said farm as her part of the farm was his." In reliance thereon the plaintiff continued to live upon the farm and, believing the land belonged to him, spent his time and money to improve the land. Thereafter, the defendants Theresa S. Wilson and Richard S. Wilson, Jr. executed a deed conveying to one Wilson P. Clay and wife the land which she had so promised the plaintiff she would convey to him. Before the land was so conveyed to them the Clays were advised and informed of Theresa S. Wilson's promise to the plaintiff, and so were not purchasers without notice thereof. Thereafter, Clay and wife conveyed the land to the defendant B. J. Lloyd by deed recorded in the office of the Register of Deeds of Franklin County. Prior to his purchase of the land, Lloyd was informed of the said promise by Theresa S. Wilson to the plaintiff and, therefore, was not a purchaser without notice of it. The plaintiff became 21 years of age 5 September 1963.

The prayer of the complaint is that the court adjudge that the defendant Lloyd holds the land as trustee for the plaintiff or that the defendants Wilson hold the proceeds of their sale of the land in trust for him.

The demurrer by the defendant Lloyd states as grounds therefor the failure of the complaint to state a cause of action against him and improper joinder of causes of action. The judgment does not specify the ground upon which the court sustained the demurrer.

*Peoples & Allen for plaintiff appellant.*
*E. F. Yarborough and W. M. Jolly for defendant appellee.*

PER CURIAM. We do not have before us on this appeal any question with reference to the rights, if any, of the plaintiff against the defendants Theresa S. Wilson and Richard S. Wilson, Jr., or with reference to the sufficiency of his complaint as against them.

The court below not having specified the ground upon which it

sustained the demurrer of the defendant Lloyd, it is deemed to have been sustained upon both grounds set forth in the demurrer.

In his brief the plaintiff contends that the statement to the plaintiff by Mrs. Wilson that her part of the farm was his and that she would convey it to him when he became 21 years of age constituted the declaration of a parol trust. This contention can not be sustained. According to the complaint, this statement was made after legal title had already vested in Mrs. Wilson. One who is already the holder of the legal title to land cannot create a valid trust therein by an oral declaration that he or she will hold the land in trust for another, or by an oral promise to convey the land to another at a future date. *Rhodes v. Raxter*, 242 N.C. 206, 87 S.E. 2d 265; *Wolfe v. Land Bank*, 219 N.C. 313, 13 S.E. 2d 533; *Frey v. Ramsour*, 66 N.C. 466; II Mordecai's Law Lectures, 2d Ed., 992; Lee, North Carolina Law of Trusts, 68.

The complaint alleges, at most, a contract by Mrs. Wilson to convey to the plaintiff. Registration of this contract is not alleged in the complaint and the plaintiff's brief and oral argument indicate clearly that it was not recorded. It appears from the complaint that Clay and wife, if not Lloyd, were purchasers for value. An unrecorded contract to convey land is not valid as against a subsequent purchaser for value, or those holding under such a purchaser, even though he acquired title with actual notice of the contract. G.S. 47-18; *Bourne v. Lay & Co.*, 264 N.C. 33, 140 S.E. 2d 769.

The complaint, therefore, does not state a cause of action against the defendant Lloyd and the demurrer was properly sustained on this ground so that discussion of misjoinder of causes of action is unnecessary.

Affirmed.

MOORE, J., not sitting.