MATTIE S. WALL; HATTIE S. McINNIS; ALICE S. DOUGLAS; BERNICE UTLEY THOMPSON; JAMES ALLEN UTLEY; JAMES UTLEY; NORA U. LITTLE; MARGIE U. ERVIN; PETER UTLEY; JUANITA U. DAVIS; MAGALINE U. REID; AND J. J. HEENEY, ADMINISTRATOR OF THE ESTATE OF CALVIN N. SNEED, DECEASED, A CHILD OF CALVIN SNEED, DECEASED, PLAINTIFFS v. MADDIE SNEED, EXECUTRIX OF THE ESTATE OF ZOLLIE SNEED, DECEASED; MADDIE SNEED, INDIVIDUALLY; LOIS SNEED; AND HELEN SNEED, ORIGINAL DEFENDANTS

LILLIE WATKINS; LAURA COVINGTON; JOHNSIE FRYE, A CHILD OF CALVIN SNEED, DECEASED; WENONIA ANN WALL; WILLIAM HENRY SNEED; GLENN BARNES, WIDOWER; RALPH C. BARNES; ZONNIE MAE BALDWIN; GLENN BARNES, JR.; ARVEY SNEED; JOHN WATKINS; MARY JANE SNEED; AND FLOSSIE SNEED MELTON, ADDITIONAL DEFENDANTS

No. 7620SC335

(Filed 15 September 1976)

1. **Trusts §§ 13, 18— parol trust — promise after passage of title**

    In an action to reform a deed to show that the grantee took as trustee under a parol trust for other children of the grantor, the trial court properly excluded testimony that, at some undisclosed time after the title to the land in question had been transferred to the grantee, the witness heard the grantor tell the grantee that she wanted the land divided equally among other children and that the grantee agreed to make the division, since one who is already the holder of legal title to land cannot create a valid trust thereon by an oral promise to convey the land to others at a future date, but the trust must arise, if at all, in the same transaction in which legal title passes.

2. **Trusts § 18— action to establish parol trust — competency of grantee's deeds of trust**

In an action to reform a deed to show that the grantee took as trustee under a parol trust, deeds of trust on the land executed by the grantee were competent to show that the grantee exercised dominion over the land in a fashion that was inconsistent with ownership of less than a fee.

APPEAL by plaintiffs from *Collier, Judge*. Judgment entered 16 February 1976 in Superior Court, RICHMOND County. Heard in the Court of Appeals 1 September 1976.

This is an action wherein plaintiffs seek to reform a deed, executed 22 August 1952, to show that the grantee took not for himself but as trustee under a parol trust for other children of the grantor. Both grantor and grantee are dead. At the first trial in July, 1971, the jury found that the grantee did not take as trustee and plaintiffs appealed. The judgment was vacated and the cause was remanded for joinder of other necessary parties. Plaintiffs filed an amended complaint on 9 July 1975. At the new trial, the jury again found that the grantee did not take as trustee and plaintiffs appealed.

*Pittman, Pittman & Dawkins, by Ronald M. Cowan, for plaintiff appellants.*

*Page, Page & Webb, by Alden B. Webb, for defendant appellees.*

VAUGHN, Judge.

An understanding of the factual background of the case and the relationship of the parties may be gained from a reading of the opinion filed after the first appeal, reported as *Wall v. Sneed,* 13 N.C. App. 719, 187 S.E. 2d 454.

[1] Plaintiff's first assignment of error relates to the exclusion of certain testimony from Arvey Sneed, a child of the grantor and brother of the grantee. The assignment of error must be overruled.

The witness was examined on *voir dire*. At the conclusion of his testimony, plaintiff moved "[f]or the purpose of the record we'd like to move that Arvey's testimony be admitted here." The motion was denied and plaintiff excepted without an attempt to offer any particular part of the testimony. If,

therefore, any of the testimony was inadmissible, the exception is without merit.

The excluded testimony tends to show that, at some undisclosed time *after* the title to the lands in question had been transferred to the grantee in the deed, the witness heard the grantor tell the grantee that she wanted the land divided equally among other children and that the grantee agreed to make the division. We need not decide whether the testimony was inadmissible under G.S. 8-51, commonly called the "dead man's statute." The grantor conveyed the legal title to the land to the grantee on 22 August 1952. The witness's testimony relates to a conversation that took place at some later date. One who is already the holder of the legal title to land cannot create a valid trust thereon by an oral promise to convey the land to others at a future date. *Beasley v. Wilson,* 267 N.C. 95, 147 S.E. 2d 577. The trust arises, if at all, in the same transaction in which the legal title passes. *Rhodes v. Raxter,* 242 N.C. 206, 87 S.E. 2d 265. The excluded evidence in the case before us tends to contradict plaintiff's claim that the trust was created when legal title passed in that it attempts to show the creation of a trust at some later time. In *Rhodes v. Raxter, supra,* plaintiff excepted to the exclusion of evidence of events that took place after legal title had passed. That evidence tended to show that the beneficiary of the alleged trust paid part of the purchase price. The Court said:

> "The exclusion of this testimony was not prejudicial to the defendants since it was not made to appear that the 'part of the purchase price' paid by Fayette Raxter was contributed prior to or contemporaneously with the passing of the legal title. Indeed, the further testimony of the witness Hamet tends to show that the contribution referred to was made after the legal title passed, the further statement of the witness being: 'When I saw him pay Mr. Raxter money, Mr. Raxter told me that it was to make a payment on the land—what they lacked of having it paid for.'" *Rhodes v. Raxter, supra,* at p. 209.

[2] Defendants were allowed, over plaintiffs' objections, to introduce several deeds of trust on the subject land which had been executed by the grantee in the deed in question. Plaintiffs' assignment of error is without merit. The evidence was competent to show that the grantee (since deceased) during his life-

time continued to exercise dominion over the land in a fashion that was totally inconsistent with ownership of less than the fee.

Plaintiffs' remaining assignments of error are directed to the charge to the jury. They have been carefully considered, and no prejudicial error has been shown.

We find no prejudicial error in the trial.

No error.

Chief Judge BROCK and Judge MARTIN concur.