KINSTON BUILDING SUPPLY CO., INC. v. CHILTON MURPHY, ORIGINAL DEFENDANT, AND J. W. GRADY, ADDITIONAL DEFENDANT

No. 718DC532

(Filed 29 December 1971)

1. Accounts § 1; Sales § 10— action on account — evidence of the account — testimony of bookkeeper

   In an action to recover on an account for building materials furnished to the defendant, it was proper to admit the testimony of plaintiff's bookkeeper showing the existence and amount of the account, since the bookkeeper had personally prepared the account in the regular course of business.

**2. Rules of Civil Procedure § 50— motion for directed verdict — considera-
tion of evidence**

Upon motion for directed verdict and for judgment *non obstante
veredicto,* all of the evidence which supports plaintiff's claim must be
taken as true and considered in the light most favorable to plaintiff,
giving him the benefit of every reasonable inference which may legiti-
mately be drawn therefrom, and with contradictions, conflicts and in-
consistencies being resolved in plaintiff's favor.

**3. Accounts § 1— action on account — sufficiency of evidence**

In an action instituted by a supply company to recover on an
account for building materials furnished to defendant, the evidence
warranted submission of the case to the jury.

**4. Appeal and Error § 26— exception to the judgment — question**

An exception to the judgment presents the face of the record for
review, which includes whether the facts found or admitted support the
judgment.

APPEAL by Chilton Murphy, original defendant, from
*Nowell, District Judge,* 25 January 1971 Session of District
Court held in LENOIR County.

This is a civil action instituted by Kinston Building Sup-
ply Co., Inc., to recover on an account for materials furnished to
construct an addition to the house trailer occupied as the resi-
dence of the defendant Chilton Murphy. On 18 October 1965
the defendant Murphy answered the complaint and moved to
have J. W. Grady made an additional party defendant. On 18
October 1965 the court entered an order making J. W. Grady
a party defendant. In his answer to the complaint, the original
defendant Murphy alleged that the plaintiff's agent, J. W.
Grady, acting in the course of his employment and within the
scope thereof, agreed to furnish such materials as necessary to
construct an addition to the trailer occupied by the defendant as
his residence for a total price of $800, less 25% discount. The
defendant Murphy also alleged that he made payment to the
plaintiff of $600 which was the full amount due pursuant to
the contract made with plaintiff's agent, J. W. Grady.

In the cross-action against the additional defendant Grady,
the defendant Murphy alleged:

"2. That if it be determined that the said J. W. Grady as
of about the date of February 15, 1964 and thereafter, was
not the agent, servant and employee of the said Kinston
Building Supply Co., Inc., and at or about the times here-
inafter alleged was not acting within the scope of his em-

ployment and agency, the defendant, Chilton Murphy, is advised, informed and believes and so alleges that the said J. W. Grady did the acts and things hereinafter alleged to the detriment of this defendant and for which the said Chilton Murphy is entitled to recover of the said J. W. Grady."

The additional defendant Grady filed answer denying the material allegations of the cross-action. Before any evidence was heard, counsel for the plaintiff and the defendant Murphy entered into the following pertinent stipulation:

"2. That on or about March 15—March 27, 1964, thereabouts, from a period to July 1, 1967, during the time in question, Mr. J. W. Grady was acting for and on behalf of Kinston Building Supply Company as its agent and in the course of his employment and acting within the scope of his authority."

Plaintiff offered evidence tending to show that as a consequence of a conversation between plaintiff's agent, J. W. Grady, and the defendant Murphy, the plaintiff supplied certain building materials for the construction of an addition to the defendant's trailer.

J. W. Grady testified, "I made out most of the orders for the materials, but I don't remember for sure if I made out all of them. I either made every one or entered the order on the invoice."

Alice Fay Barwick, a witness for plaintiff, testified that she was employed by the plaintiff as a bookkeeper and that she prepared the account of Kinston Building Supply Company with Chilton Murphy by posting from the invoices and that the total amount of his account was $1,246.67, and that $600 had been paid on the account and credits for returned merchandise had been made to the account, leaving a balance unpaid of $531.41. The defendant Murphy offered no evidence.

The following issue was submitted to and answered by the jury as indicated:

"What amount, if any, is the Plaintiff entitled to recover of the Defendant?

Answer: $540.31."

From a judgment entered on the verdict, the defendant Murphy appealed.

*Jones, Reed & Griffin by Thomas B. Griffin for plaintiff appellee.*

*William F. Simpson for defendant appellant.*

HEDRICK, Judge.

[1] Based on specific exceptions in the record, defendant challenges the testimony of the witness Alice Fay Barwick regarding the account in question. The defendant contends the court erred in admitting testimony of the witness "without proper foundation, identification, authentication and time of preparation of the record of the account subject of this action." We do not agree.

In 1 C.J.S., Account, Action on, § 16, p. 606, it is said:

"Any evidence, otherwise competent, which tends to show the existence or correctness of the account, or which tends to disprove its existence or correctness is admissible."

The evidence discloses the witness personally prepared the account of the defendant Murphy in the regular course of business by posting to the account from the invoices while she was employed as a bookkeeper for the plaintiff during the period of time the building materials were furnished for the construction of an addition to the defendant's residence. We hold the testimony of the witness Barwick was admissible to show the existence and correctness of the account.

[2, 3] The defendant assigns as error the court's denial of his motions for directed verdict and for judgment *non obstante veredicto.* Upon motion for a directed verdict and judgment *non obstante veredicto,* pursuant to G.S. 1A-1, Rule 50(a) and (b), the sufficiency of the evidence to take the case to the jury is drawn into question. All of the evidence which supports plaintiff's claim must be taken as true and considered in the light most favorable to plaintiff giving him the benefit of every reasonable inference which may legitimately be drawn therefrom, and with contradictions, conflicts and inconsistencies being resolved in plaintiff's favor. *Coppley v. Carter,* 10 N.C. App. 512, 179 S.E. 2d 118 (1971); *Horton v. Insurance Co.,* 9 N.C. App. 140, 175 S.E. 2d 725 (1970); *Musgrave v. Savings*

---

*& Loan Assoc.,* 8 N.C. App. 385, 174 S.E. 2d 820 (1970). We hold there is sufficient evidence in the record requiring the submission of this case to the jury.

[4] We note that the testimony in the record tends to show that the balance due on the account was $531.41; whereas the jury's verdict found that the plaintiff was entitled to recover of the defendant $540.31. Judgment was entered on the verdict. The defendant has not raised any question regarding the discrepancy between the testimony and the verdict. He did except to the judgment. An exception to the judgment presents the face of the record for review, which includes whether the facts found or admitted support the judgment. *Fishing Pier v. Town of Carolina Beach,* 274 N.C. 362, 163 S.E. 2d 363 (1968); *White v. Perry,* 7 N.C. App. 36, 171 S.E. 2d 56 (1969). The record reveals that in its complaint the plaintiff sought to recover $540.31 and that a verified copy of the account was attached to the complaint indicating that the balance due on the account was $540.31. In addition, the evidence reveals that the bookkeeper, Alice Fay Barwick, forwarded a copy of the account to the defendant. In the instant case the judgment is supported by the verdict.

The defendant has failed to show prejudicial error in the trial.

No error.

Chief Judge MALLARD and Judge GRAHAM concur.