LAURA Y. CLINE v. CALVIN C. CLINE

No. 7623DC1038

(Filed 16 November 1977)

1. Trusts § 19— wife's action to establish resulting trust—sufficiency of evidence

In an action to establish a resulting trust on lands upon which the parties had lived as husband and wife for nearly 25 years, evidence was sufficient to support the jury's verdict that plaintiff was entitled to a resulting trust where the evidence tended to show that the only consideration for the acquisition of the property from defendant's widowed mother was the agreement to satisfy the existing debt and move onto the land with her; the foregoing consideration was advanced equally by plaintiff and defendant; the consideration passed to his mother before the legal title passed to defendant; and plaintiff did not intend to make a gift of her part of the consideration to her husband.

2. Trusts § 20— resulting trust—when consideration was given—instructions erroneous

In an action to establish a resulting trust on lands upon which the parties had lived as husband and wife for nearly 25 years, the trial court erred in in-

structing on what plaintiff contributed to paying for the lands in question after legal title passed so that the jury could have understood that it could base its verdict on contributions made subsequent to the passing of legal title.

APPEAL by defendant from *Osborne, Judge.* Judgment entered 19 August 1976 and amended 24 August 1976 in District Court, YADKIN County. Heard in the Court of Appeals 21 September 1977.

Plaintiff, defendant's wife, started this action against him seeking, among other things, to obtain alimony and to establish a trust on lands upon which the parties had lived as husband and wife for nearly a quarter of a century. The appeal relates only to the action to establish the trust.

In the light favorable to plaintiff, the evidence, in part, tends to show the following. Plaintiff and defendant were married in 1944. Defendant's parents bought the land in question in February of 1950. They made only one payment on the deed of trust securing the purchase price before defendant's father died in December of that year. A family meeting was held, and none of defendant's brothers or sisters were willing to move on the land and pay for it. Defendant told plaintiff that they would have to move on the farm and finish paying for it. He told plaintiff that if they would move on the land with his mother and pay off the deed of trust, the land would be theirs. Plaintiff agreed to that bargain, and the parties moved on the land in early January, 1951. Thereafter, on 15 January 1951, defendant and his mother caused a deed to be executed conveying the land to defendant. Plaintiff did not know that defendant had taken title in his name only until after defendant left plaintiff in 1975. Plaintiff labored on the farm and at other employment to help provide the funds to satisfy the deed of trust. Plaintiff also provided some of the money to build and later renovate a house on the property. After the parties moved on the land, defendant's mother lived in the house with them most of the time until her death.

The jury found that plaintiff was entitled to have a resulting trust and a constructive trust imposed on the land.

*Finger & Park, by Raymond A. Parker II and M. Neil Finger, for plaintiff appellee.*

*Franklin Smith and Henry B. Shore, for defendant appellant.*

VAUGHN, Judge.

Broadly stated, a resulting trust arises where property is acquired and held in the name of one person which, in equity, belongs to another. "[T]he creation of a resulting trust involves the application of the doctrine that valuable consideration rather than legal title determines the equitable title resulting from a transaction; . . . a resulting trust involves a presumption or supposition of law of an intention to create a trust." *Bowen v. Darden*, 241 N.C. 11, 12-13, 84 S.E. 2d 289, 292 (1954). In *Bowen*, a mother paid for a home, and her son-in-law had the deed drawn to the mother for life with the remainder going to the mother's daughter, his wife. The mother's other children sought to impress a trust on the land in their favor. The evidence was sufficient to create a resulting trust because the mother had paid valuable consideration for the property and equity will place title in the one who pays.

[1] Clear, cogent and convincing evidence in the case before us is sufficient to permit the jury to find as follows: (1) the only consideration for the acquisition of the property from defendant's widowed mother was the agreement to satisfy the existing debt and move onto the land with her; and (2) the foregoing consideration was advanced equally by plaintiff and defendant; and (3) the consideration passed to his mother before the legal title passed to defendant; and (4) plaintiff did not intend to make a gift of her part of the consideration to her husband. These findings are sufficient to impress a resulting trust on the land for plaintiff's interest in the property. The jury's verdict, therefore, is fully supported by the evidence.

[2] Defendant brings forward numerous exceptions to the judge's charge to the jury. We will not discuss them separately. It is sufficient to say that the judge placed great emphasis on what plaintiff contributed to paying for the farm *after* legal title passed. A fair reading of the charge compels the conclusion that the jury could well have understood that it could base its verdict on contributions made subsequent to the passing of legal title. That evidence tends to show that the agreement was made and that plaintiff lived up to it, but within itself, it is inadequate to provide the foundation for the creation of a resulting trust in her favor.

The jury was never instructed that it must find that plaintiff advanced the consideration (her promises) before legal title was placed in defendant. "It is elemental that a resulting trust arises, if at all, in the same transaction in which the legal title passes, and by virtue of consideration advanced before or at the time the legal title passes, and not from consideration thereafter paid." *Rhodes v. Raxter*, 242 N.C. 206, 208, 87 S.E. 2d 265, 267 (1955).

For errors in the charge, therefore, we conclude that there must be a new trial. We will not discuss the remaining assignments of error. We note, however, that if upon retrial of the case, the evidence is substantially the same, the judge would be well advised not to attempt to instruct on the theory of a constructive trust. If the evidence that is favorable to plaintiff is believed, it is sufficient to support a finding that a resulting trust was created. If it is disbelieved, the jury could not find that a constructive trust was created.

New trial.

Judges HEDRICK and CLARK concur.