DEXTER BYERLY v. BEULAH ANDERS BYERLY

No. 7822SC19

(Filed 7 November 1978)

**1. Rules of Civil Procedure § 50— failure to state grounds for directed verdict—objection waived**

Where plaintiff did not specifically object at trial to defendant's failure to state specific grounds for her motion for a directed verdict as required by G.S. 1A-1, Rule 50(a), plaintiff lost the right to complain on appeal of defendant's failure to state specific grounds in her motion.

**2. Trusts § 19— property in wife's name—no agreement to hold in trust**

In an action by plaintiff to have the court impress a trust for his benefit on certain real estate titled solely in the name of his wife, the defendant, the trial court properly granted defendant's motion for directed verdict where there was no evidence that defendant expressly agreed to hold the property in question, or any part thereof or any interest therein, in trust for the plaintiff.

**3. Trusts § 19— consideration furnished by husband not used for purchase—no resulting trust**

In an action by plaintiff to have the court impress a trust for his benefit on certain real estate titled solely in the name of his wife, the defendant, plaintiff's evidence clearly showed that the consideration furnished by him was used to pay off a mortgage on property which had been previously titled solely in the defendant's name, and, as such, the consideration was not paid toward the purchase price and could not support a resulting trust in plaintiff's favor.

APPEAL by plaintiff from *Graham, Judge.* Judgment entered 12 September 1977 in Superior Court, DAVIE County. Heard in the Court of Appeals on 29 September 1978.

This is a civil action wherein plaintiff seeks to have the court impress a trust for his benefit on certain real estate titled solely in the name of his wife, the defendant. At trial, plaintiff introduced evidence tending to show the following:

In September 1969, plaintiff and defendant purchased a house located on Wellingford Drive in High Point and took title to the property as tenants by the entirety. The defendant made the down payment of $12,360.34 and thereafter plaintiff made monthly mortgage payments totalling $9,861.80. On 1 July 1974, plaintiff and defendant decided to buy a lot in Davie County. For reasons concerning plaintiff's employment, the parties decided to have the property titled in the defendant's name only, and the real estate

broker was instructed accordingly. The defendant paid the entire $3,466.66 purchase price of the lot. On 8 October 1974 plaintiff and defendant executed a deed of trust covering the Davie County property as security for a construction loan. On 2 April 1975 the parties, in order to obtain more favorable interest rates, executed another deed of trust covering the Davie County property and used the proceeds to pay off the earlier deed of trust. On 28 April 1976, the High Point property, on which plaintiff had paid $9,861.80, was sold for approximately $45,650.00. The sale proceeds were used to pay off the deed of trust on the Davie County property which was titled solely in the defendant's name. Subsequently, the plaintiff demanded that defendant convey an interest in the Davie County property to him. The defendant, however, refused to do so, telling plaintiff that she was going to see an attorney. Plaintiff testified that she later told him, "I have come to the decision that I am not going to put it [the property] in both names. I want to keep it in my own. If you are good to me, I'll will it to you; and if you are not, I'll give it to a perfect stranger."

At the close of plaintiff's evidence, defendant moved for a directed verdict pursuant to G.S. § 1A-1, Rule 50(a). The trial judge granted defendant's motion. From a judgment dismissing plaintiff's action, plaintiff appealed.

*Morgan, Post, Herring & Morgan, by James F. Morgan and L. Samuel Dockery III, for the plaintiff appellant.*

*Randolph and Randolph, by Clyde C. Randolph, Jr., for the defendant appellee.*

HEDRICK, Judge.

Plaintiff assigns as error the trial court's "granting of the defendant's motion for a directed verdict at the conclusion of the plaintiff's evidence on the grounds that the defendant failed to specify the specific grounds for the motion and on the grounds that there were questions of fact which were to be determined by the jury."

[1]  G.S. § 1A-1, Rule 50(a) provides: "A motion for a directed verdict shall state the specific grounds therefor." Our appellate courts have held this direction to be mandatory, *Anderson v. Butler*, 284 N.C. 723, 202 S.E. 2d 585 (1974); *Wheeler v. Denton*, 9

N.C. App. 167, 175 S.E. 2d 769 (1970), and the failure to do so to be sufficient grounds standing alone for the trial court to overrule the motion. *Dixon v. Shelton*, 9 N.C. App. 392, 176 S.E. 2d 390 (1970). However, when a motion for a directed verdict is granted, the adverse party who did not make a specific objection at trial to the movant's failure to state specific grounds therefor is precluded from raising the objection on appeal. *Builders Supplies Co. v. Gainey*, 10 N.C. App. 364, 178 S.E. 2d 794, *cert. denied*, 278 N.C. 300, 180 S.E. 2d 178 (1971). The purpose of the "specific grounds" requirement of Rule 50(a) is to allow the adverse party to meet any defects with further proof and avoid the entry of a judgment notwithstanding the verdict at the close of the trial, on a ground that could have been met with proof had it been suggested earlier. *Anderson v. Butler, supra*; 9 C. Wright & A. Miller, *Federal Practice and Procedure: Civil* § 2533, at 579 (1971).

The record discloses that the plaintiff nowhere specifically objected to defendant's failure to state specific grounds as required by Rule 50(a). Since the plaintiff failed to bring the deficiency in defendant's motion to the attention of the Court, thereby affording defendant the opportunity to correct the defect, he has lost his right to complain on appeal of defendant's failure to state specific grounds in his motion.

A motion for a directed verdict under Rule 50(a) tests the sufficiency of the plaintiff's evidence to require submission of plaintiff's claim to the jury. Numerous decisions have established the rule that all the evidence supporting plaintiff's claim must be taken as true and considered in the light most favorable to plaintiff giving him the benefit of every reasonable inference that may legitimately be drawn therefrom, and with all contradictions, conflicts and inconsistencies being resolved in plaintiff's favor. *E.g. Kinston Building Supply Co., Inc., v. Murphy*, 13 N.C. App. 351, 185 S.E. 2d 440 (1971). A directed verdict for defendant cannot be granted unless it appears, as a matter of law, that a recovery cannot be had by the plaintiff under any view of the facts that the evidence reasonably tends to establish. *Manganello v. Permastone, Inc.*, 291 N.C. 666, 231 S.E. 2d 678 (1977).

[2] Plaintiff first appears to argue in his brief that when the evidence is so considered, it is sufficient to raise an inference that he and the defendant entered into an oral agreement that she

would hold the property in question in trust for both of them. In order to engraft an express trust on property described in a deed that is absolute on its face, it must be shown that the grantee in the deed promised at or before acquiring legal title to hold the property conveyed for the benefit of a third person. *Wells v. Dickens*, 274 N.C. 203, 162 S.E. 2d 552 (1968). A married woman is under no legal handicap that would prevent her from entering into such an oral agreement to hold real estate in trust for the benefit of her husband. *Carlisle v. Carlisle*, 225 N.C. 462, 35 S.E. 2d 418 (1945). There is no evidence in this record that the defendant expressly agreed to hold the property in question, or any part thereof or any interest therein, in trust for the plaintiff. The evidence shows, at most, only that plaintiff and defendant entered into an agreement apportioning household expenditures between them. As such, the evidence falls far short of showing that defendant expressly agreed to hold property in trust for the plaintiff.

[3] Plaintiff next appears to argue in his brief that when a "husband and wife orally agree to purchase real estate, the actual ownership of which is to be a one-half interest by each in same, and purchase said real estate in the name of wife alone with funds part of which are supplied by husband . . . a resulting trust [arises] for the benefit of husband."

A purchase money resulting trust arises by operation of law when one party furnishes the consideration and title is taken in the name of a third party under circumstances that raise the inference that the party furnishing the consideration did not intend for the taker to have both legal and equitable ownership, but only to hold the property in trust for the purchaser's benefit. *Strange v. Sink*, 27 N.C. App. 113, 218 S.E. 2d 196, *cert. denied*, 288 N.C. 733, 220 S.E. 2d 353 (1975).

In order for a resulting trust to be impressed on property, it must be shown that the furnishing of consideration occurred prior to or contemporaneously with the vesting of legal title in the grantee and not from consideration thereafter paid. *Rhodes v. Raxter*, 242 N.C. 206, 87 S.E. 2d 265 (1955); *Cline v. Cline*, 34 N.C. App. 495, 238 S.E. 2d 673 (1977). Where one pays off a mortgage on land already owned by another he has not paid consideration

towards the purchase price as is required to raise a resulting trust. G. Bogert, *The Law of Trusts and Trustees* § 455, at 660-63 (rev. 2d ed. 1977).

Plaintiff's evidence clearly shows that the consideration furnished by him was used to pay off a mortgage on property which had been previously titled solely in the defendant's name. As such, the consideration was not paid towards the purchase price and cannot support a resulting trust in his favor.

The trial judge correctly granted defendant's motion for a directed verdict at the close of plaintiff's evidence.

Affirmed.

Judges PARKER and MARTIN (Robert M.) concur.