WEYERHAEUSER COMPANY v. GODWIN BUILDING SUPPLY CO., INC.

No. 7811SC627

(Filed 17 April 1979)

1. Contracts § 27.2— agreement to assist in obtaining financing—breach—sufficiency of evidence

In an action to recover for the cost of various building materials where defendant counterclaimed that plaintiff breached its promise to assist in providing financing for houses constructed by defendant, evidence was sufficient to permit the jury to find that, though plaintiff made some efforts to assist defendant in obtaining financing, plaintiff breached its contract with defendant by failing to make reasonable efforts to assist defendant in obtaining financing.

2. Contracts § 27.3— breach of contract—damages—sufficiency of evidence

Evidence was sufficient for the jury to find that defendant suffered damage in the amount of $100,000 as a result of plaintiff's failure to assist defendant in obtaining financing for houses built by defendant where such evidence tended to show that after entering into the contract with plaintiff defendant expended $102,640.74 in constructing a manufacturing plant which defendant was forced to close after being unable to obtain financing.

APPEAL by plaintiff from *Baley, Judge*. Judgment entered 15 December 1977 in Superior Court, HARNETT County. Heard in the Court of Appeals on 29 March 1979.

This is a civil action instituted on 29 September 1970 wherein plaintiff sought recovery for the purchase price of various building materials valued at $7,541.10 furnished to defendant pursuant to a "Weyerhaeuser Registered Home Marketing Agreement." Defendant answered and asserted as a counterclaim that it was induced to enter into the contract by plaintiff's promises and assurances "that it would provide unlimited ninety per cent (90%) conventional financing at locally competitive rates up to Forty Thousand Dollars ($40,000) per house;" that in reliance on plaintiff's promises, it expended $115,000 for the construction of a manufacturing plant; and that thereafter "the plaintiff wrongfully and willfully breached its contract with the defendant by failing and refusing to provide the 90% conventional financing which it promised and contracted to provide . . ." After a trial, a jury awarded plaintiff $7,541.10 on its claim and the defendant $100,000 on its counterclaim. On appeal, the North Carolina Supreme Court, in *Weyerhaeuser Co. v. Godwin Building Supply Co., Inc.*, 292 N.C. 557, 234 S.E. 2d 605 (1977), awarded the plaintiff a new trial on defendant's counterclaim. Upon retrial, the following issues were submitted to and answered by the jury as indicated below:

1. Did Weyerhaeuser Company breach its contract with Godwin Building Supply Co., Inc., dated May 9, 1968 as alleged in the complaint [counterclaim]?

Answer: Yes.

2. Did Godwin Building Supply Co., Inc., commit any material breach of the said contract which would excuse Weyerhaeuser Company from complying with its obligations under said contract?

Answer: No.

3. What amount of damages, if any, is Godwin Building Supply Co., Inc., entitled to recover from Weyerhaeuser Company?

Answer $100,000.00

From a judgment entered on the verdict, plaintiff appealed.

*Edgar R. Bain and Hutchins, Romanet, Thompson & Hilliard, by Robert W. Hutchins for plaintiff appellant.*

*Johnson & Johnson, by W. A. Johnson, for defendant appellee.*

HEDRICK, Judge.

[1] The only question presented on this appeal is whether the trial court erred in denying plaintiff's motions for a directed verdict and for a judgment notwithstanding the verdict with respect to defendant's counterclaim. The oft restated rule applicable in this situation is that when a motion for a directed verdict under Rule 50(a) is made at the conclusion of the evidence, the trial court must determine whether the evidence, taken in the light most favorable to the claimant and giving it the benefit of every reasonable inference that may legitimately be drawn therefrom, and with all contradictions, conflicts, and inconsistencies resolved in its favor, is sufficient to justify a verdict in its favor. *E.g., Kinston Building Supply Co. v. Murphy,* 13 N.C. App. 351, 185 S.E. 2d 440 (1971); *Ingold v. Carolina Power & Light Co.,* 11 N.C. App. 253, 181 S.E. 2d 173 (1971). The standards for granting a motion for judgment notwithstanding the verdict are the same as those for granting a directed verdict. *Brokers, Inc. v. High Point City Board of Education,* 33 N.C. App. 24, 234 S.E. 2d 56 (1977). The first argument advanced by the plaintiff in support of its assignments of error is that there is no evidence in the record from which the jury could find that Weyerhaeuser breached its contract with the defendant by failing "to assist in arranging interim financing." The pertinent provision of the contract with regard to the financing is as follows:

Weyerhaeuser shall provide dealer with or arrange the following marketing services:

. . .

(i) Through a Weyerhaeuser approved correspondence system, assist dealer in arranging interim and permanent mortgage financing for Weyerhaeuser Registered Homes.

The thrust of plaintiff's argument is that it had no duty to *provide* financing but only to *assist* in arranging financing and that all the evidence is to the effect that agents of the plaintiff attempted to assist the defendant in securing financing by contacting Stockton and White in Raleigh, Frederick Behrend in Durham and First Federal Savings and Loan in Dunn.

It is a basic principle of contract law that a party who enters into an enforceable contract is required to act in good faith and to make reasonable efforts to perform his obligations under the agreement. "Good faith and fair dealing are required of all parties to a contract; and each party to a contract has the duty to do everything that the contract presupposes that he will do to accomplish its purpose." 17A C.J.S. Contracts § 451, at 564 (1963). In North Carolina it has been held that a clause in a contract to purchase real estate making the buyer's obligation conditional upon obtaining financing, includes the implied promise that the purchaser will act in good faith and make reasonable efforts to secure the financing. *Mezzanotte v. Freeland*, 20 N.C. App. 11, 200 S.E. 2d 410 (1973), *cert. denied*, 284 N.C. 616, 201 S.E. 2d 689 (1974).

The provision at issue in the present case clearly required the plaintiff to make reasonable efforts to assist the defendant in obtaining financing. In this regard the defendant offered evidence tending to show that O. W. Godwin, Jr., had conversations with Mr. Ed Turco, finance officer for Weyerhaeuser, and all of the Task Force of Weyerhaeuser about the financing referred to in the contract. Godwin was informed that there was backing to provide 90% conventional financing, that Weyerhaeuser was the world's largest manufacturer of lumber and had unlimited finances, and that $600,000,000 was available and at his disposal to finance every home that the plant could turn out. Mr. Godwin testified:

> After I got the plant ready I talked with these gentlemen connected with Weyerhaeuser almost daily, either in person or by phone . . . I talked with Mr. Turco with respect to the contract which said that Weyerhaeuser would assist Godwin in arranging interim and permanent mortgage financing for Weyerhaeuser Registered Homes . . . Weyerhaeuser didn't do anything to assist me directly in arranging

permanent or interim financing for these homes. . . . Mr. [Ray] Henderson came to me on or about December 1, 1968 and told me the financing had temporarily bogged down but not to worry about it. He said the financing was coming . . . After that Mr. Henderson did not do anything to assist in arranging any interim and permanent financing.

While the plaintiff offered evidence that it made some efforts to assist defendant in obtaining financing, we think that when the evidence is considered in the light most favorable to the defendant, it is sufficient to permit the jury to find that the plaintiff breached its contract with the defendant by failing to make reasonable efforts to assist Godwin in obtaining financing.

[2] Next the plaintiff argues that the defendant has "failed to show any damages which proximately flowed from the alleged breach of contract." The evidence adduced at trial tends to show that after entering into the contract, Godwin expended $102,640.74 in constructing the facility at Carpenter during the fiscal year beginning 30 April 1968. After defendant was unable to obtain financing, it was forced to close the manufacturing facility at Carpenter. From this evidence the jury could find that the defendant suffered damage as a result of the plaintiff's breach of the contract.

Plaintiff's final argument is that Godwin "breached the contract and such breach excused any breach by Weyerhaeuser." Clearly this issue is not raised by the two assignments of error. Furthermore, the jury found as a fact that Godwin had not materially breached the contract. See Weyerhaeuser Co. v. Godwin Building Supply Co., 292 N.C. at 566, 234 S.E. 2d at 610.

Plaintiff's two assignments of error have no merit.

Affirmed.

Judges PARKER and CARLTON concur.