HOWARD WOODRUFF v. ROBERT L. SHUFORD, III

No. 8425SC704

(Filed 19 March 1985)

Accounts § 2— action on accounts—evidence insufficient for account stated—directed verdict improper

In an action which alleged that defendant was "indebted to plaintiff for an account rendered in the sum of $11,891.35" without specifying the basis, the trial court erred by directing a verdict against defendant. The directed verdict

**Woodruff v. Shuford**

could be upheld only if the evidence led solely to the conclusion that defendant was indebted to plaintiff on an account stated; all that the evidence showed was that plaintiff had an account, not that defendant agreed to it.

Judge MARTIN concurring.

APPEAL by defendant from *Howell, Judge.* Judgment entered 9 February 1984 in Superior Court, CALDWELL County. Heard in the Court of Appeals 14 February 1985.

In the complaint, without specifying the basis therefor, plaintiff simply alleged that defendant was "indebted to plaintiff for an account rendered in the sum of $11,891.35." By answer defendant denied the allegation. A jury trial was had and at the end of all the evidence the court directed a verdict for plaintiff in the amount sued for and entered judgment accordingly.

When viewed in its most favorable light for the defendant the evidence presented was to the following effect: In the fall of 1979 defendant orally engaged plaintiff, a builder, to renovate certain buildings that he owned. The buildings, two A-frame cabins, were situated in Deerhorn Park in Caldwell County, and the work agreed to included constructing basements under and otherwise renovating both buildings and putting a new roof on one of them. The parties agreed that the work would be finished by the spring of 1980, that labor would be billed at $4.00 an hour, materials at plaintiff's cost, and that defendant would pay when billed and when the work was "satisfactorily completed." Plaintiff's first billing in December, 1979 for $3,516.04 was paid by defendant. In June, 1980, without any written billing or documentation, plaintiff asked defendant to pay him $3,500, which defendant did after stating that further payments would only be made in response to written documentation for labor and materials. The job did not proceed as expected, no work was done for months at a time, and in February, 1982 defendant terminated plaintiff's employment and obtained someone else to complete the project. In April, 1982 plaintiff billed defendant for $11,891.35, but about forty of the charges for labor and materials were not supported by an invoice of any kind, some of the invoices that were furnished did not show that they were related to defendant's property, and four invoices had the word "nursery" or "personal" written on them. Defendant owned no nursery business or facility, but plaintiff did. After the bill was received by mail defendant talked with plaintiff

about these discrepancies and requested clarification or documentation. Defendant also complained to plaintiff about ceiling damage due to four leaks in the roof and about the wall panelling and carpeting in one of the basements being ruined because the basement did not drain properly, stated that the bill was excessive, and refused to pay it.

*Wilson and Palmer, by W. C. Palmer, for plaintiff appellee.*

*Rudisill & Brackett, by Keith Bridges, for defendant appellant.*

PHILLIPS, Judge.

For us to uphold the verdict directed against defendant we would have to determine that the foregoing evidence can lead only to the conclusion that defendant is indebted to plaintiff on an account stated in the amount of $11,891.35. *Cutts v. Casey,* 278 N.C. 390, 180 S.E. 2d 297 (1971). That we cannot do, because other reasonable conclusions are possible, and a new trial is ordered. For that matter, the evidence presented does not even support the claim of account stated, though it does tend to support a claim for work done and materials furnished. This is because an *account* can only become an *account stated* by the party charged agreeing, either expressly or impliedly, to its correctness. *Mahaffey v. Sodero,* 38 N.C. App. 349, 247 S.E. 2d 772 (1978). An account stated involves the striking of a balance between the parties, either expressly or by implication. *Little v. Shores,* 220 N.C. 429, 17 S.E. 2d 503 (1941). All that the evidence in this case shows is that plaintiff had an account or bill in the amount of $11,891.35. It does not show that defendant agreed to it; on the contrary it shows that he disputed it. Thus what defendant owes plaintiff, if anything, was a question of fact for the jury, rather than one of law for the court.

The course that this case has followed so far and has yet to follow, more than a year after a jury had heard the evidence and was ready to assess it, demonstrates still again both the expediency and wisdom of permitting juries to arrive at a verdict when the evidence has been completed. Following this wise and expeditious course cannot possibly do any harm, since any verdict rendered can still be set aside when the evidence is deemed insufficient; whereas, failing to follow it, as our reports show, often

---

**Woodruff v. Shuford**

---

causes unnecessary appeals and retrials, to the great delay, inconvenience and expense of courts, litigants, lawyers, and witnesses alike.

New trial.

Judge WEBB concurs.

Judge MARTIN concurs in the result.

Judge MARTIN concurring.

I agree that a verdict was improvidently directed in favor of the plaintiff in this case for the reasons stated by the majority. The final paragraph of the majority opinion, however, is unnecessary to a decision in this case and, to the extent that it may intimate that the granting of a motion for directed verdict pursuant to G.S. 1A-1, Rule 50(a) is never appropriate, is potentially misleading to the trial bench and bar. In ruling upon a motion for directed verdict, the judge should be guided, instead, by the following principle set forth in *Manganello v. Permastone, Inc.*, 291 N.C. 666, 669-70, 231 S.E. 2d 678, 680 (1977):

> Where the question of granting a directed verdict is a *close one*, the better practice is for the trial judge to reserve his decision in the motion and allow the case to be submitted to the jury. If the jury returns a verdict in favor of the moving party, no decision on the motion is necessary and an appeal may be avoided. If the jury finds for the nonmoving party, the judge may reconsider the motion and enter a judgment notwithstanding the verdict under G.S. 1A-1, Rule 50(b), provided he is convinced the evidence was insufficient. On appeal, if the motion proves to have been improperly granted, the appellate court then has the option of ordering entry of the judgment on the verdict, thereby eliminating the expense and delay involved in a retrial. [emphasis added.]