BRENDA LOUISE WILKINS v. HERBERT CLINTON TAYLOR

No. 846DC1150

(Filed 3 September 1985)

**Automobiles and Other Vehicles §§ 55.1, 76.2 — vehicle parked partly on highway — negligence and contributory negligence**

    The evidence was sufficient for the jury on the issue of defendant's negligence where it tended to show that defendant's pickup truck was parked on the shoulder of the highway so that he could examine his soybean crop in an adjoining field and that, although the shoulder was wide enough to accommodate the truck, the left front wheel and bumper extended into the north lane of the highway far enough that cars traveling in a northerly direction had to go into the other traffic lane in order to pass the truck. Furthermore, the

evidence failed to establish contributory negligence by plaintiff as a matter of law where there was evidence tending to show that plaintiff, after rounding a curve, saw defendant's pickup truck about twenty feet away blocking part of the highway, swerved into the left lane to avoid it but saw an oncoming car in that lane, swerved back to the right, lost control, and ran into a ditch. G.S. 20-161.

APPEAL by plaintiff from *Long, Nicholas, Judge.* Judgment entered 29 August 1984 in District Court, BERTIE County. Heard in the Court of Appeals 15 May 1985.

*Carter W. Jones, Charles A. Moore, and Kevin M. Leahy for plaintiff appellant.*

*Baker, Jenkins & Jones, by W. Hugh Jones, Jr., for defendant appellee.*

PHILLIPS, Judge.

Upon the trial of this automobile negligence case the court directed a verdict against the plaintiff at the close of all the evidence. In doing so the trial court deemed that the evidence was insufficient to establish defendant's negligence and that the evidence established plaintiff's contributory negligence as a matter of law. Both determinations were erroneous in our opinion and we reverse the judgment dismissing plaintiff's complaint.

Viewed in the light most favorable for the plaintiff, the evidence recorded tends to show that at the time involved defendant's pickup truck, which was not disabled, was parked on the east shoulder of N.C. Highway 305, a much-traveled, two-lane highway, so that defendant could examine his soybean crop in an adjoining field, and that though the shoulder was wide enough with room to spare to accommodate the truck, the front left wheel and bumper of the truck extended into the main traveled portion of the highway far enough so that cars traveling north on the highway could not pass the truck without going into the other traffic lane. This was evidence enough of defendant's negligence and the issue was for the jury to determine, rather than the court. Even if G.S. 20-161 had not been interpreted to require that no part of a parked vehicle be left protruding into the traveled portion of the highway, except where it is reasonably necessary to do so, *Sharpe v. Hanline,* 265 N.C. 502, 144 S.E. 2d 574 (1965), common sense and prudence would necessarily lead to

the same conclusion. Because in this over motorized country few things are better known, we believe, than that highways are built and maintained for motor vehicles to travel on; and prudent operators do not park their vehicles on the traveled portion of the highway except when necessity requires them to do so.

The evidence presented when viewed favorably for the plaintiff also tends to show that plaintiff, in driving her car at a lawful speed northwardly along the highway, after rounding a curve to the right that blocked her view of the highway, saw defendant's pickup truck about 20 feet away blocking part of the highway, swerved into the left lane to avoid it, but saw an oncoming car in that lane and swerved back to the right, lost control, and the car ran off the road into a ditch. This evidence tends to show, if anything, that plaintiff reacted prudently to the danger that defendant created; it certainly does not establish plaintiff's contributory negligence as a matter of law. The weight and credibility of this evidence does not concern us; nor is it relevant to our decision that when the evidence is viewed favorably to the defendant a different picture is presented. Under our system, such matters are for juries to decide, not judges.

The obvious inexpediency of taking from juries cases that are but an hour or so away from being concluded by either a judgment on the verdict or a judgment notwithstanding a verdict has been remarked on many times by this Court. For example *see*, *Woodruff v. Shuford*, 73 N.C. App. 627, 327 S.E. 2d 14 (1985); *DeHart v. R/S Financial Corp.*, 66 N.C. App. 648, 311 S.E. 2d 694 (1984); *Koonce v. May*, 59 N.C. App. 633, 298 S.E. 2d 69 (1982). Nevertheless, hardly a session goes by that we are not required to order that a case that has already been tried almost to completion be tried again *ab initio* by another judge and jury, to the extra cost and inconvenience of lawyers, litigants and witnesses alike.

Reversed.

Judges BECTON and EAGLES concur.