N. D. BALES, Plaintiff v. E. R. EVANS, JR. and E. R. EVANS & SONS, INC., Defendants

No. 886SC723

(Filed 6 June 1989)

1. **Quasi Contracts and Restitution § 2.1— sale of equipment— equipment used and returned—quantum meruit—evidence sufficient**

The evidence was sufficient to support an award of damages on quantum meruit where Evans expressed an interest in purchasing plaintiff's pan, a piece of equipment used to move topsoil and level landscape; plaintiff demonstrated the pan to Evans who then asked if he could try it out on defendant's farm for a day and pay plaintiff's asking price of $10,000 or return the pan; when plaintiff subsequently called Evans to verify his intentions, he was told that Evans wanted the pan; plaintiff replaced a seat and a dust catcher on the pan at Evans' request; Evans transported the pan on a trailer to defendent's farm on 6 May 1985; plaintiff went to the farm the next day, observed Evans and an employee operating the pan, and operated the pan without problems to show defendant's employee how to use the equipment; defendant did not return the pan or bring plaintiff the purchase money nor did he contact plaintiff or leave a message on plaintiff's telephone answering machine; plaintiff on several occasions went to defendant's farm and observed defendant's employee operating the pan; Evans was at the farm on two of those occasions and told plaintiff each time that he wanted to keep the pan a day or two longer; plaintiff did not object, but testified that he had had no choice as he did not have a way to transport the pan back home; defendant kept the pan from 6 May 1985 to 17 June 1985; defendant's employee went to plaintiff's residence a few days before the pan was returned to plaintiff and told plaintiff that they wanted to return the pan but could not get it started; plaintiff went to defendant's farm and discovered that the pan, which had been full of fuel when defendant took it, was empty and that the starter had burned out, possibly from repeated attempts to start the engine without fuel; plaintiff got the pan running and defendant returned it several days later; Evans subsequently contacted plaintiff

BALES v. EVANS

[94 N.C. App. 179 (1989)]

and asked for a bill for the use of the pan; and plaintiff sent defendant a bill for $15,840 which defendant refused to pay.

2. **Quasi Contracts and Restitution § 2.2 — use of equipment — measure of recovery — no error**

    The trial court did not err in an action for quantum meruit arising from the aborted sale of landscaping equipment known as a pan by denying defendant's motion for a new trial and motion to alter or amend the judgment on the ground that the jury verdict of $4,000 was excessive, contrary to law, and in disregard of the instructions of the court. Defendant contended that the jury ignored the court's instructions in awarding damages in that the value actually realized and retained by defendant was the eight or ten hours that defendant actually operated the pan, but plaintiff had introduced testimony of an equipment operator who stated that it is appropriate to charge for the number of days equipment is kept rather than the hours in actual use when equipment is leased without an operator; furthermore, the jury could have disbelieved testimony from defendant's witnesses that the pan was only in operation for eight or ten hours, given the number of weeks the pan supposedly sat idle on defendant's farm and defendant's delay in contacting plaintiff regarding his decision not to purchase the pan.

APPEAL by defendant E. R. Evans & Sons, Inc., from Judgment of *Judge Frank R. Brown* entered 22 February 1988 in NORTHAMPTON County Superior Court. Heard in the Court of Appeals 26 January 1989.

    *Dixon, Duffus & Doub by Curtis C. Coleman, III, for plaintiff appellee.*

    *Taylor & McLean by Mitchell S. McLean for defendant appellant.*

COZORT, Judge.

This appeal addresses the sufficiency of the evidence to support the jury's award of $4,000.00 in damages based on a quantum meruit theory of recovery. We find no error and affirm.

Plaintiff is a self-employed individual who does mechanic's work and moves mobile homes. The corporate defendant (hereinafter "de-

BALES v. EVANS

[94 N.C. App. 179 (1989)]

fendant") is engaged in farming operations and owns rental property and concrete companies. Plaintiff's complaint contained, *inter alia*, allegations that defendant breached a contract to purchase plaintiff's "pan," a piece of equipment used to move topsoil and level landscape, and, alternatively, that plaintiff was entitled to recover on quantum meruit for defendant's use of the pan. At the close of plaintiff's evidence, the trial court directed a verdict for the individual defendant on all claims, and directed a verdict for the corporate defendant on all claims except quantum meruit. After hearing all the evidence, the jury found that plaintiff delivered the pan to defendant under circumstances such that defendant should be required to pay for it, and that plaintiff was entitled to recover the sum of $4,000.00.

[1]   On appeal, defendant first contends that the trial court erred in denying its motions for directed verdict and for judgment notwithstanding the verdict. In considering a motion for judgment notwithstanding the verdict, the trial court applies the same test that it applies in considering a motion for directed verdict: whether the evidence, considered in the light most favorable to plaintiff, is sufficient for submission to the jury. *Weyerhaeuser Co. v. Godwin Bldg. Supply Co.*, 40 N.C. App. 743, 745, 253 S.E. 2d 625, 627 (1979).

In order to recover on quantum meruit, a plaintiff must show that services were rendered (or property was delivered) to defendant, the services (or property) were knowingly and voluntarily accepted, and the services (or property) were not given gratuitously. *See Environmental Landscape Design Specialist v. Shields*, 75 N.C. App. 304, 306, 330 S.E. 2d 627, 628 (1985). There must be circumstances tending to show that, at the time the services were rendered or the property delivered to defendant, both parties understood that payment was expected. *See Twiford v. Waterfield*, 240 N.C. 582, 585, 83 S.E. 2d 548, 551 (1954).

Taken in the light most favorable to plaintiff, the evidence tends to show the following: Evans, defendant's president and principal stockholder, expressed an interest in purchasing plaintiff's pan. Plaintiff demonstrated the pan to Evans, who then asked if he could try it out on defendant's farm for a day and, "if it operated okay," he would pay plaintiff's asking price of $10,000.00, and, if not, he would return the pan. Soon afterwards, having received a telephone call from a man in Virginia who wanted to lease the

pan, plaintiff called Evans to verify his intentions; plaintiff was told that he should not lease the pan because Evans wanted it. At Evans' request, plaintiff replaced a seat and a dust catcher on the pan. On or about 6 May 1985, Evans transported the pan on a trailer to defendant's farm. The next day plaintiff went to the farm and observed Evans and an employee operating the pan. Plaintiff also operated the pan, without problems, for "about three-quarters of the day" moving dirt, grading a ditch line, and showing defendant's employee how to use the equipment.

Thereafter, defendant did not return the pan or bring plaintiff the purchase money, nor did he contact plaintiff or leave a message on plaintiff's telephone answering machine. On several occasions, however, plaintiff went to defendant's farm and observed defendant's employee operating the pan. Evans was at the farm on two of those occasions; each time he told plaintiff that he wanted to keep the pan a day or two longer. Plaintiff admitted that he did not object, but testified that he had no choice, as he did not have a way to transport the pan back home.

Defendant kept the pan from 6 May 1985 to 17 June 1985. A few days before the pan was returned to plaintiff, defendant's employee went to plaintiff's residence and told plaintiff that they wanted to return the pan but could not get it started. Upon arriving at defendant's farm and examining the machine, plaintiff discovered that the pan, which had been full of fuel when defendant took it, was empty and that the starter had burned out, possibly because of repeated attempts to start the engine without fuel. Plaintiff worked on the pan, got it running, and, several days later, defendant returned it. Evans subsequently contacted plaintiff and asked for a bill for the use of the pan. Plaintiff sent defendant a bill for $15,840.00. Defendant refused to pay.

We believe this evidence is sufficient to support an award of damages on quantum meruit. Although the parties originally may have contemplated a sale agreement, the circumstances support a finding that plaintiff reasonably expected that defendant would pay for the use of the pan from 6 May until 17 June, and that defendant knew or should have known of plaintiff's expectation of payment. Defendant's request for a bill underscores that finding.

Defendant argues, however, that he did not actually use the pan for more than eight or ten hours, and that he returned the pan as soon as possible after encountering numerous problems

BALES v. EVANS

[94 N.C. App. 179 (1989)]

with it. These contentions raise questions of credibility and reasonableness and are for the jury to decide, not the court. *Wilkins v. Taylor*, 76 N.C. App. 536, 538, 333 S.E. 2d 503, 504 (1985). The trial court properly denied defendant's motion for judgment notwithstanding the verdict.

[2] Defendant next assigns error to the trial court's denial of its motion for a new trial and motion to alter or amend judgment on the ground that the jury verdict of $4,000.00 was excessive, contrary to law, and in disregard of the instructions of the court. Defendant specifically argues that the jury ignored the court's instructions in awarding damages of $4,000.00, because the value "actually realized and retained" by defendant was the eight or ten hours that defendant actually operated the pan. This argument is meritless.

The measure of recovery on quantum meruit is the reasonable value of the services that are accepted by and that benefit defendant. *Ellis Jones, Inc. v. Western Waterproofing Co.*, 66 N.C. App. 641, 312 S.E. 2d 215 (1984). In the instant case, the trial court properly instructed the jury that, in determining the amount of recovery, the jury should consider "only the evidence presented to you which bears on the reasonable value of the pan actually realized and retained by the defendant." *See* N.C.P.I. — Civ. 736.01.

Plaintiff introduced the testimony of an equipment operator who stated that, when equipment is leased without an operator, it is appropriate to charge for the number of days the equipment is kept, not the hours in actual use. Furthermore, the jury could have disbelieved testimony from defendant's witnesses that the pan was in operation only for eight or ten hours, particularly given the number of weeks the pan supposedly sat idle on defendant's farm and defendant's delay in contacting plaintiff regarding his decision not to purchase plaintiff's pan. This assignment of error is therefore overruled.

We also overrule defendant's assignment of error to the trial court's taxing of deposition expenses against defendant as court costs awarded to plaintiff. The taxing of costs, including deposition expenses, is in the discretion of the trial court and is not reviewable on appeal. *See Dixon, Odom & Co. v. Sledge*, 59 N.C. App. 280, 286, 296 S.E. 2d 512, 516 (1982).

Plaintiff filed in this Court a motion to impose monetary sanctions, alleging that defendant's appeal is frivolous. We do not agree. The motion is denied.

No error.

Judges PHILLIPS and GREENE concur.